EXHIBIT "7"

**SO ORDERED.**

**SIGNED this 18 day of May, 2007.**

———————————————————
ROBERT E. LITTLEFIELD, JR.
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
——————————————————————X

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHGATE LTC MANAGEMENT, LLC., | Case No. 07-11068-1 REL (Jointly Administered) |
| Debtor. | |

——————————————————————X

### ORDER EXCUSING COMPLIANCE WITH
### SECTION 543(a) AND 543(b) OF THE BANKRUPTCY CODE

This matter having come before the Court on the motion of Howard S. Krant and Scott Bialick for an Order to Excuse the State Court Receiver's Compliance with Sections 543(a) and 543(b), due notice having been given to counsel for the Debtors, counsel for General Electric Capital Corporation, Counsel for the Official Committee of Unsecured Creditors, the Office of the United States Trustee, New York State Department of Health ("DOH"), members of the Debtors and the Court having reviewed the moving papers and those filed in support and opposition, if any, and the Debtors, by Finkel Goldstein Rosenbloom & Nash, LLP, the Unsecured Creditors Committee, by Farrell Fritz, P.C., General Electric Capital Corporation

1

("GECC") by Moritt Hock Hamroff & Horowitz LLP, the United States Trustee's Office by Kevin Purcell, Kim Lefebvre and Eric Small, New York State Office of the Attorney General by Nancy Hershey Lord, Long Hill Alliance Company by Murtha Cullina LLP, DOH by Alan Lawitz, Office of the United States Attorney for the Internal Revenue Service, by Diane Cagino, Howard Krant and Scott Bialick by Deily Mooney & Glastter, Howard Nachamkin and Dianna Koehler Nachamkin by Bond, Schoeneck & King, Longview & Aaron Seligson by Weiss, Zarett & Hirshfeld, PC, Niagara Mohawk Power by Hiscock & Barclay, LLP all having appeared on the motion and for good cause shown:

The Court hereby ORDERS that:

1. Krant and Bialick's Motion to Excuse the State Court Receiver's Compliance with Sections 543(a) and (b) of the Bankruptcy Code is GRANTED to the extent indicated herein. Subject to any further order of this Court after notice and hearing, for the pendency of this case Long Hill Alliance Company ("Long Hill" or "Receiver") is authorized to continue to manage the nursing homes and real estate consistent with the Receiver Order with all the powers, duties and responsibilities set forth in the order (the "Receiver Order") entered November 29, 2006, in the state court action captioned *General Electric Capital Corp. v. Highate Manor, LLC, et. al.*, Index No. 219393-06. The Receiver Order shall not be modified in any way except upon further order of the Court after notice and hearing or except with respect to the DOH as authorized by State law.

2. Pursuant to 543(d)(1) of the Bankruptcy Code, Long Hill is excused from complying with the requirements of Sections 543(a) and (b)(1) of the Bankruptcy Code.

3. The Receiver shall prepare and provide on a monthly basis to the counsel to the Committee, Chapter 11 Trustee, Office of the United States Trustee, GECC, the Receiver and the

DOH (the "Participating Parties") a budget with respect to all of the operations managed by the Receiver under the Receiver Order. The budget shall be subject to GECC's consent as required by the Receiver Order and shall be in compliance with the Receiver Order and Shortfall Agreement (as defined in the Receiver Order). The first budget is annexed to the Final Cash Collateral Order dated May 14, 2007 and shall be prepared in similar form and circulated to the Participating Parties on or before the 25th day of each month while the Receiver is in possession of the assets of the Debtors.

4. Long Hill shall provide all necessary information and financial records to the Chapter 11 Trustee to enable the Chapter 11 Trustee to file monthly operating reports. Long Hill shall not be excused from complying with its requirement to account as required by Section 543(b)(2) of the Code and shall file such accounting in the form and by the dates reasonably agreed to by the Participating Parties and, if no such agreement is reached, as directed by the Court.

5. The Receiver shall post a fidelity bond for the management or conduct of Long Hill in form reasonably satisfactory to the Office of the United States Trustee in the amount of $500,000, the expenses for which will be paid by the estate without regard to the absence of any reference to such expense in the Budget.

6. During the time that Long Hill serves as Receiver, it shall continue to keep in place all accounts and lock-box arrangements and deposit all funds consistent with the credit facility and loan documents in existence between the Debtors and GECC.

###