Exhibit 5

So ordered this 9th day of July, 2008

Hon. Robert E. Littlefield, J
U.S.B.J.

**RECEIVED & FILED**

JUL 9 - 2008

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
----------------------------------------X

In re:

**HIGHGATE LTC MANAGEMENT LLC,**

Debtors.

----------------------------------------X

Chapter 11

Case No. 07-11068-REL
(Jointly Administered)

**STIPULATION AND AGREED ORDER RESOLVING CLAIMS**
**BY AND AGAINST THE NEW YORK DEPARTMENT OF HEALTH**

This Stipulation and Agreed Order (the "Stipulation"), dated as of May, 2008 is entered into by and among: (a) Mark I. Fishman, not individually but solely as chapter 11 trustee (the "Trustee") for Highgate LTC Management, LLC ("LTC") and Highgate Manor, LLC ("Manor"; together with LTC, the "Debtors"); (b) General Electric Capital Corporation ("GECC"); (c) the Committee of Unsecured Creditors (the "Committee"); and (d) the New York State Department of Health ("DOH"; together with the Trustee, GECC and the Committee, the "Parties").

**RECITALS**

WHEREAS, on April 16, 2007 (the "Petition Date") LTC and Manor filed voluntary petitions for relief under chapter 11 of the Title 11 the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York ( the "Court") (Case No. 07-11068-REL) (the "Chapter 11 Cases");

1

WHEREAS, the Court entered an Order on April 18, 2007 providing for the joint administration of the Chapter 11 Cases;

WHEREAS, Manor is a real estate holding company for four parcels[2] that each have a long term care facility constructed on them and LTC previously provided the operational services for the Facilities;

WHEREAS, the Debtors are licensed by the DOH;

WHEREAS, prior to the Petition Date, the Debtors entered into various loan, mortgage, security, forbearance and other related documents with GECC, each of which are more particularly described on *Schedule 1* annexed hereto (collectively, the "Loan Documents");

WHEREAS, prior to the Petition Date, the Debtors were in default under the terms of the Loan Documents;

WHEREAS, by reason of the Debtors' default under the Loan Documents, on or about November 8, 2006, GECC commenced an action (the "Foreclosure Action") in the New York State Supreme Court, Rensselaer County (the "State Court") titled *General Electric Capital Corporation v. Highgate Manor, LLC et al.*, Index No. 219393-06, seeking to foreclose its mortgage on each of the Facilities;

WHEREAS, by order of the State Court entered on November 29, 2006 (the "Receivership Order") in the Foreclosure Action, Long Hill Alliance Company (the "Receiver") was appointed as receiver for the Facilities;

---

[2] Northwoods Rehabilitation and Extended Care Facility-Rosewood Gardens (Rensselaer County), Northwoods Rehabilitation and Extended Care Facility, Troy (Rensselaer County), Northwoods Rehabilitation and Extended Care Facility-Hilltop (Schenectady County), Northwoods Rehabilitation and Extended Care Facility- Cortland (Cortland County) (each a "Facility" and collectively, the "Facilities")

2

WHEREAS, in accordance with the Receivership Order, and the Shortfall Agreement with GECC, the Receiver took possession of the Facilities and undertook the management thereof with the consent and approval of the DOH;

WHEREAS, after the Petition Date, and pursuant to a stipulation among the Trustee, the Committee and GECC and "so ordered" by the Court on September 10, 2007, the automatic stay imposed by Section 362(a) of the Bankruptcy Code was modified to permit GECC to continue the Foreclosure Action up to entry of a judgment by foreclosure, and thereafter GECC moved for summary judgment in the Foreclosure Action ( the "GECC Summary Judgment Motion");

WHEREAS, after the Petition Date, by Order dated May 17, 2007, the Court directed the appointment of a chapter 11 trustee (the "Trustee Order") and, pursuant to the Court's Order Excusing Compliance with Sections 543 (a) and (b) of the Bankruptcy Code dated May 18, 2007 (the "Order Excusing Compliance"), the Receiver has continued to operate the Facilities;

WHEREAS, by order of the State Court dated December 20 2007, the GECC Summary Judgment Motion was granted;

WHEREAS, the DOH has asserted the following claims against the Debtors:

(a) A claim in the approximate amount of $8,400,000.00 for unpaid prepetition cash receipts assessments, interest and penalties (the "DOH Cash Receipts Assessment Claim"); and

(b) A claim in an unliquidated amount, based on audits performed or to be performed, for retroactive Medicaid adjustments, together with a right of recoupment (this claim, together with the DOH Cash Receipts Assessments Claim, the "DOH Claims");

WHEREAS, DOH was not prepared to grant a license or Certificate of Need to a buyer of the Facilities absent the buyer's agreement to assume the liability evidenced by the DOH Claims;

3

WHEREAS, the Trustee, GECC and the Committee have agreed that it is in the best interests of the Debtors' estates and their creditors that the Facilities be sold in accordance with § 363 of the Bankruptcy Code (a "363 Sale"); and

WHEREAS, in order to facilitate the sale of the Facilities (such sale, whether pursuant to the judgment of foreclosure and sale entered in the Foreclosure Action, a 363 Sale or a sale under a chapter 11 plan to a Qualified Buyer is referred to in this Stipulation as the "Sale"), and provided that the Debtors' estate or the Receiver has paid all post-petition cash receipts assessments relating to periods prior to the closing date of the Sale, the DOH has agreed that: (a) the DOH Claims relating to periods prior to the closing date of Sale shall be fixed and liquidated in accordance with the terms of this Stipulation, and (b) a Qualified Buyer of the Facilities shall neither be subject to, nor required to assume in order to obtain any license or Certificate of Need from NYS, any debts, obligations or liabilities of any of the Debtors to the DOH relating to the Facilities, including, but not limited to, any debts, obligations or liabilities of the Facilities arising under, in connection with or related to the NYS Medicaid Program, and (c) it will not assert against the Qualified Buyer or the purchased assets any claim of recoupment or setoff, or similar claim or liability, regarding obligations of any of the Debtors to the DOH relating to the Facilities.

NOW THEREFORE, in order to resolve the DOH Claims, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree and stipulate as follows:

1. Each of the foregoing recitals is hereby incorporated as part of this Stipulation. Capitalized terms defined in the recitals of this Stipulation are incorporated herein by this reference and are used herein as so defined. Qualified Buyer as used herein shall mean the Sale

4

to a person or entity that is not an: (a) affiliate of the Debtor (an affiliate shall not include a court appointed receiver), (b) insider of the Debtors, or (c) insider of the principals of the Debtors.

2. Effective as of the closing date of the Sale and provided that DOH has been paid in full with respect to all post-petition cash receipts assessments relating to periods prior to the closing date of the Sale, the DOH Claims shall be allowed in the total aggregate amount of eight million, three hundred seventy-seven thousand, two hundred twenty-three and 54/100 dollars ($8,377,223.54) (the "Allowed DOH Claim"), which amount shall not be subject to any further reduction or offset (except as set forth in subparagraph (a) herein), and distributions to the DOH on account of the Allowed DOH Claim shall be made in the following manner and form:

(a) DOH shall recoup against the Allowed DOH Claim, the sum of two million, six hundred sixty - eight thousand, three hundred sixteen and 00/100 dollars ($2,668,316.00), which amount represents a retroactive adjustment owing by NYS to the Debtors for the period beginning March 1, 1999 to and including December 31, 2008, which the DOH shall be permitted to apply to the Allowed DOH Claim indebtedness as of the closing date of the Sale.

(b) Two million, one hundred sixty-seven thousand, forty-three and 53/100 dollars ($2,167,043.53) of the Allowed DOH Claim, which amount constitutes interest and penalties, shall be a general unsecured claim in the Chapter 11 Cases; and

(c) Three million, five hundred forty-one thousand, eight hundred sixty-four and 20/100 dollars ($3,541,864.20) of the Allowed DOH Claim ("the DOH Receivable") shall be paid solely from a fixed-rate annuity ("the Annuity") funded by the Sale Carve Out (as defined below), so that DOH receives on account of the DOH Receivable, 420 equal monthly payments in the amount of $8,433.01, exclusive of any fees or commissions. The payment of the DOH Receivable from the Sale Carve Out is expressly conditioned upon the Closing of the Sale as

provided in a purchase and sale agreement approved by the Bankruptcy Court to a Qualified Buyer. For purposes of this Stipulation, "Sale Carve Out" means the carve out from GECC's lien in the proceeds of the Sale in an amount necessary to fund in full the Annuity. The Annuity shall be procured by GECC and be in form reasonably acceptable to the DOH and GECC.

3. Neither the DOH nor any other agency or office of NYS responsible for the administration and supervision of the NYS Medicaid Program (such other agency or office, an "Other Office of Medicaid Management") shall, as a condition to a closing of the Sale, require a Qualified Buyer to: (a) execute a Form 4-B Medicaid Affidavit, (b) assume any debts, obligations or liabilities of any of the Debtors under the NYS Medicaid Program, including, without limitation, cash receipts assessments, and (c) be subject to any recoupment or offset, or similar claim or liability, by NYS with respect to any debts, obligations and liabilities of any of the Debtors under the NYS Medicaid Program.

4. All rights of the DOH and any Other Office of Medicaid Management to approve a Qualified Buyer of the Facilities for license by NYS, including State and Public Health Council approval, are not impaired or affected by this Stipulation.

5. If a Sale does not occur, the terms of this Stipulation shall be of no force and effect and no Party shall be bound by any of the terms of this Stipulation, including (a) the waiver and release of claims by DOH against the Debtors for recoupment or offset that DOH may have or hereafter have and (b) the obligations of GECC to fund the Sale Carve Out.

6. If, in connection with the Sale, the buyer requests that it be approved by DOH as a temporary receiver to operate the Facilities pending closing of the Sale, and such request is approved by DOH but the Sale fails to close, then the Receiver shall, upon written notice by GECC, be authorized to resume its obligations under the Receivership Order and the Shortfall Agreement.

7. Provided that the DOH has been paid in full with respect to any and all post-petition cash receipts assessments, and provided further, that all appeals filed by the Debtor(s) or filed on the Debtor(s)' behalf, arising out of, in connection with or related to the NYS Medicaid Program are withdrawn or deemed to be withdrawn relating to periods prior to the closing date of the Sale, allowance of the Allowed DOH Claim as set forth under the terms of this Stipulation shall be in full and final satisfaction of any and all claims (whether or not asserted) of DOH against the Debtors arising out of, in connection with or related to the NYS Medicaid Program with respect to the Facilities. The DOH hereby represents and warrants that except for the DOH Claims and any unpaid post petition cash receipts assessment relating to periods prior to the closing date of the Sale, it shall assert no claims against the Debtors or their estates arising out of, in connection with or related to the NYS Medicaid Program with respect to the Facilities, known or unknown, whether asserted or unasserted, and that as of the date of this Stipulation, it is not a party to any agreement to assign, sell, convey or otherwise transfer, in whole or in part, any portion of its right, title or interest in and to the DOH Claims and any claim arising from post petition cash receipts assessments. This representation and warranty by the DOH shall be deemed repeated as of the closing date of the Sale and shall have the same force and effect as though this Stipulation were dated as of the closing date of the Sale.

8. All notices shall be sent to:

Thomas Conway, General Counsel
New York State Department of Health
Nelson A. Rockefeller Empire State Plaza
Erastus Corning Tower, 24th Floor, RM 2482
Albany, New York 12237
Attn: Michael Stone, Assistant Counsel;

All distributions on the DOH Allowed Claim shall be made to:

Richard Pellegrini, Director
Bureau of Financial Management & Information Support
New York State Department of Health
Nelson A. Rockefeller Empire State Plaza
Erastus Corning Tower, Rm. 984
Albany, New York 12237

9. Neither this Stipulation, nor any statement made or action taken in connection with the negotiation of this Stipulation, shall be offered or reserved in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Stipulation or (b) to seek damages or injunctive relief in connection herewith.

10. This Stipulation shall be governed by the laws of the State of New York without giving effect to the conflict of laws provisions thereof. The Parties consent to the Court's retention of jurisdiction with respect to matters arising from or related to the Allowed DOH Claim, including, but not limited to, any and all issues or disputes arising from or other actions to interpret, administer or enforce the terms or provisions of this Stipulation.

11. Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall perform any and all acts and things reasonably necessary or appropriate in conjunction with the performance of its obligations hereunder.

12. The Parties hereto represent and warrant to each other that the signatories to this Stipulation are authorized to execute this Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation is duly executed and delivered and constitutes a valid, binding agreement in accordance with its terms.

13. This Stipulation may be executed by facsimile or electronically and in counterparts, all of which taken together shall constitute one and the same instrument.

14. This Stipulation constitutes the full agreement of the Parties hereto with respect to its subject matter and supersedes all prior agreements, conversations, negotiations and understandings with respect thereto. This Stipulation shall not be altered, amended, modified, or otherwise changed in any respect whatsoever except by a writing duly executed by authorized representative of each of the Parties.

15. Notwithstanding anything else herein, this Stipulation shall be binding on the Parties hereto upon its execution, but is expressly subject to and contingent upon Court approval.

Dated: June 26, 2008

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for General Electric Capital Corporation

By: _____
Marc L. Hamroff, Esq.
400 Garden City Plaza
Garden City, NY 11530
516-873-2000

NEUBERT, PEPE & MONTEITH, P.C.
Attorneys for the Chapter 11 Trustee

By: _____, Trustee
Mark I. Fishman, Esq.
195 Church Street
New Haven, CT 06510
Phone: (203) 821-2000

FARRELL FRITZ, P.C.
Attorneys for the Unsecured Creditors' Committee

By: _____
Louis A. Scarcella, Esq.
1320 RexCorp Plaza
Uniondale, New York 11556-1320
Tel: 516-227-0647

9

OFFICE OF THE NEW YORK
STATE ATTORNEY GENERAL
Attorneys for the New York State
Department of Health

By: *(signature)*
Nancy Hershey Lord, Assistant Attorney General
The Capitol
Albany, NY 10224-0341
(518) 473-6992

NEW YORK STATE
DEPARTMENT OF HEALTH

By: *(signature)*
Richard F. Daines, M.D.
Commissioner of Health
Nelson A. Rockefeller Empire State Plaza
Erastus Corning Tower
Albany, NY 12237
(518) 474-2011

GENERAL ELECTRIC CAPITAL
CORPORATION

By: *(signature)*

2 Bethesda Metro Center, Suite 600
Bethesda, Maryland 20814

**OFFICE OF THE NEW YORK
STATE ATTORNEY GENERAL**
Attorneys for the New York State
Department of Health

By: _____

Nancy Hershey Lord, Assistant Attorney General
The Capitol
Albany, NY 10224-0341
(518) 473-6992

**NEW YORK STATE
DEPARTMENT OF HEALTH**

By: *[signature]*

Richard F. Daines, M.D.
Commissioner of Health
Nelson A. Rockefeller Empire State Plaza
Erastus Corning Tower
Albany, NY 12237
(518) 474-2011

**GENERAL ELECTRIC CAPITAL
CORPORATION**


By: _____


2 Bethesda Metro Center, Suite 600
Bethesda, Maryland 20814

10

SCHEDULE NO. 1 TO STIPULATION AND AGREED ORDER
RESOLVING CLAIMS BY AND AGAINST THE NEW YORK
DEPARTMENT OF HEALTH

LOAN DOCUMENTS BETWEEN GENERAL ELECTRIC CAPITAL
CORPORATION, AS LENDER, AND HIGHGATE MANOR GROUP, LLC,
HIGHGATE LTC MANAGEMENT, LLC AND OTHERS, AS BORROWERS

1. Mortgage dated March 13, 2000 between Highgate Manor Group, LLC, as Mortgagor, and M&T Real Estate, Inc., as Mortgagee, in the principal amount of $21,500,000.00.

2. Assignment of Mortgage No. 1 dated May 20, 2005 between M&T Real Estate, as Assignor, and General Electric Capital Corporation, as Assignee.

3. Real Estate Loan Agreement dated May 26, 2005 by and among Highgate Manor, LLC, Highgate LTC Management, LLC and Guilderland LTC Management, LLC, as Borrowers, and General Electric Capital Corporation, as Lender, in the principal amount of $23,500,000.00.

4. Consolidated and Modified Senior Promissory Note dated May 26, 2005 by and among Highgate Manor, LLC, Highgate LTC Management, LLC and Guilderland LTC Management, LLC, as Borrowers, and General Electric Capital Corporation, as Lender, in the principal amount of $23,500,000.00.

5. Mortgage dated May 26, 2005 between Highgate Manor Group, LLC, as Mortgagor, and General Electric Capital Corporation, as Mortgagee, in the principal amount of $6,972,815.25.

6. Consolidated and Modified Mortgage, Assignment of Rents, Security Agreement and Fixture Financing Statement dated May 26, 2005 between Highgate Manor Group, LLC, as

Mortgagor, and General Electric Capital Corporation, as Mortgagee, securing the principal amount of $23,500,000.00.

7. Leasehold Mortgage, Assignment of Rents, Security Agreement and Fixture Financing Statement dated May 26, 2005 between Highgate LTC Management, LLC, as Mortgagor, and General Electric Capital Corporation, as Mortgagee, securing the principal amount of $23,500,000.00.

8. Loan and Security Agreement date May 26, 2005 by and among Highgate Manor Group, LLC, Highgate LTC Management, LLC and Guilderland LTC Management, LLC, as Borrowers, and General Electric Capital Corporation, as Lender, providing a revolving loan up to $4,000,000.00 in principal amount.

9. Revolving Credit Note dated May 26, 2005 by and among Highgate Manor Group, LLC, Highgate LTC Management, LLC and Guilderland LTC Management LLC in the principal amount of $4,000,000.00.

10. Security Agreement dated May 26, 2005 by and among Highgate Manor Group, LLC Highgate LTC Management, LLC, Guilderland LTC Management, LLC, as Debtors, and General Electric Capital Corporation, as Secured Party securing a loan in the principal amount of $23,500,000.00.

11. UCC-1 Financing Statements filed in favor of General Electric Capital Corporation as Secured Party including those filed on April 26, 2005, April 27, 2005, May 27, 2005, May 31, 2005, June 1, 2005 and June 7, 2005 against Highgate Manor Group, LLC, and on April 26, 2005, April 27, 2005 , May 27, 2005, May 31, 2005, June 1, 2005 and June 7, 2005 against Highgate LTC Management, LLC, and on April 26, 2005 and May 27, 2005 against Guilderland LTC Management, LLC, as Debtors.

12. Forbearance Agreement dated April 12, 2006 by and among Highgate Manor Group, LLC, Highgate LTC Management, LLC, Guilderland LTC Management, LLC, as Borrowers, and Dianna R. Koehler-Nachamkin, Eugene M. Nachamkin, Scott H. Bialick and Howard S. Krant, as Guarantors, and Patricia Bruder and Longview Horizon, LLC, as Principals, and General Electric Capital Corporation, as Lender.

13. First Amendment to Forbearance Agreement dated May 31, 2006 by and among Highgate Manor Group, LLC, Highgate LTC Management, LLC, Guilderland LTC Management, LLC, as Borrowers, and Dianna R. Koehler-Nachamkin, Eugene M. Nachamkin, Scott H. Bialick and Howard S. Krantt, as Guarantors, and Patricia Bruder and Longview Horizon, LLC, as Principals, and General Electric Capital Corporation, as Lender.

14. Second Amendment to Forbearance Agreement dated June 23, 2006 by and among Highgate Manor Group, LLC, Highgate LTC Management, LLC, Guilderland LTC Management, LLC, as Borrowers, and Dianna R. Koehler-Nachamkin, Eugene M. Nachamkin, Scott H. Bialick and Howard S. Krantt, as Guarantors, and Patricia Bruder and Longview Horizon, LLC, as Principals, and General Electric Capital Corporation, as Lender.

15. Agreement of Principals dated May 26, 2005 by and among Dianna R. Koehler-Nachamkin, Eugene M. Nachamkin, Scott H. Bialick, Howard S. Krantt, Patricia Bruder and Longview Horizon, LLC, as Principals, and General Electric Capital Corporation, as Agent.