**RECEIVED & FILED**

DEC 2 4 2008

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

So ordered this 24th day of December 2008

Hon. Robert E. Littlefield, Jr.
U.S.B.J.

**RECEIVED**

DEC 2 3 2008

BANKRUPTCY JUDGE
ALBANY, NEW YORK

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

In re:

**HIGHGATE LTC MANAGEMENT LLC,**

Debtor.

-------------------------------------------------------X

Chapter 11

Case No. 07-11068-REL

**STIPULATION AND ORDER MODIFYING AND**
**EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE**
**DEBTORS TO: (A) BORROW MONEY AND (B) USE CASH COLLATERAL ON**
**A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES**

WHEREAS, on May 14, 2007 this Court entered a Final Order Authorizing the

Debtors to: (A) Borrow Money Pursuant to Sections 105, 361, 362, 364(c)(1), 364(c)(2),

364(c)(3), and 364(e) of the Bankruptcy Code; and (B) Use Cash Collateral on a Consensual

Basis and (C) Granting Adequate Protection And Related Relief Pursuant to Sections 105, 361,

and 363 of the Bankruptcy Code (the "Final Order"); and

WHEREAS, the Final Order also authorized Long Hill Alliance Company (the

"Receiver"), to borrow money on behalf of the Debtors and use Cash Collateral, as more fully

defined and described in the Final Order; and

WHEREAS, pursuant to the terms of the Order Appointing Substitute Receiver,

signed by Justice Hummel of the Supreme Court of the State of New York, Rensselaer County,

dated November 3, 2008 (the "Order Appointing Substitute Receiver", the Receiver has been

replaced by EF Consulting, LLC (the "Substitute Receiver") effective as of the date of said

Order; and

WHEREAS, pursuant to a prior Stipulation and Order of this Court dated

November 19, 2008 the Substitute Receiver was authorized to utilize the Cash Collateral of the

Debtors, and seek approval of a Budget which would be implemented pursuant to the terms of

the Final Order, as amended (the "Transition Stipulation"); and

WHEREAS, GECC is willing to allow the Substitute Receiver the right to use

Cash Collateral on the terms and conditions set forth in the Final Order, except as other modified

herein or in the Substitute Receiver Order or in the Prior Stipulation; it is now

NOW THEREFORE,

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through

their undersigned counsel as follows:

1.     The Termination Date for the right to utilize Cash Collateral as used in the Final

Order hereby is modified to read January 31, 2009.

2.     The defined term Receiver as utilized in the Final Order shall as of the date

hereof, shall apply to the term Substitute Receiver in all places, except, so that it is clear, the

Substitute Receiver has no right to borrow funds under the Shortfall Agreement, the same having

been terminated upon entry of the Substitute Receiver Order and thus all references to the right

to borrow funds, or utilize the Shortfall Agreement are of no force and effect as relates to the

Substitute Receiver. All priorities, liens, rights and remedies, including the DIP Liens, Super-

priority Claims and Replacement Liens in the Final Order shall remain unmodified.

3.     The Budget attached as *Exhibit C* to the Final Order is hereby replaced by the

Budget attached hereto as *Exhibit A*. The Budget may be amended, at the request of the

Substitute Receiver, upon the written consent of GECC, on notice to the US Trustee, the

Trustee, and the Unsecured Creditors Committee.

4.    All of the other terms and conditions of the Final Order (as modified or extended

pursuant to Stipulations entered into after the date of the Final Order) and the agreements

referred to therein remain in full force and effect. Capitalized terms not defined herein shall

have the meaning given to them in the Final Order.

5.    A hearing shall be scheduled for January 21, 2009 at 11:00 a.m. consistent with

paragraph 1 hereof.

Dated: December 12, 2008

> **MORITT HOCK HAMROFF & HOROWITZ LLP**
> Attorneys for General Electric Capital
> Corporation
>
> By: _____
>        Leslie A. Berkoff, Esq.
>        400 Garden City Plaza
>        Garden City, NY 11530
>        516-873-2000
>
>        -and-
>
>
> **NEUBERT, PEPE & MONTEITH, P.C.**
> Attorneys for the Chapter 11 Trustee
>
> By: _____
>        Mark I. Fishman, Esq.
>        195 Church Street
>        New Haven, CT 06510
>        Phone: (203) 821-2000
>
>        -and-

**FARRELL FRITZ, P.C.**
Attorneys for the Unsecured Creditors' Committee

By: _Ted A Berkowitz_
Ted A. Berkowitz, Esq.
1320 Reckson Plaza
Uniondale, New York 11556-1320
Tel: 516-227-0647

-and-

**BACKENROTH, FRANKEL & KRINSKY, LLP**
Attorneys for the Substitute Receiver

By: _____
Abraham J. Backenroth, Esq.
489 Fifth Avenue
New York, New York 10017
Tel: 212-593-1100

STIPULATION AND ORDER MODIFYING AND
EXTENDING THE TERMS OF THE FINAL ORDER
AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY
AND (B) USE CASH COLLATERAL ON A CONSENSUAL
BASIS AND CERTAIN RELATED DEADLINES

**FARRELL FRITZ, P.C.**
Attorneys for the Unsecured Creditors' Committee

By: _____
Ted A. Berkowitz, Esq.
1320 Reckson Plaza
Uniondale, New York 11556-1320
Tel: 516-227-0647

-and-

**BACKENROTH, FRANKEL & KRINSKY, LLP**
Attorneys for the Substitute Receiver

By: _____
Abraham J. Backenroth, Esq.
489 Fifth Avenue
New York, New York 10017
Tel: 212-593-1100

F:\GECC\Highgate\Bankruptcy\Docs\Extension Of Transition Stipulation.Doc

**Highgate LTC Management LLC**
**Projected Cash Flows**

| w/e Friday | Projected Balance 01/02/09 | Projected Balance 01/09/09 | Projected Balance 01/16/09 | Projected Balance 01/23/09 | Projected Balance 01/30/09 | January Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | (250,843) | (452,821) | (276,257) | (67,756) | (130,256) | (250,843) |
| **Collections** | | | | | | |
| General Deposits | 75,000 | 250,000 | 225,000 | 160,000 | 160,000 | 870,000 |
| Medicaid Deposits | 271,833 | 477,129 | 445,101 | 426,000 | 426,000 | 2,046,063 |
| Medicare Deposits | 35,000 | 30,000 | 35,000 | 210,000 | 45,000 | 355,000 |
| **Total Collections** | 381,833 | 757,129 | 705,101 | 796,000 | 631,000 | 3,271,063 |
| **Cash Available for Disbursements** | 130,989 | 304,308 | 428,844 | 728,244 | 500,744 | 3,020,219 |
| **Disbursements** | | | Projected | | | |
| General Disbursements | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 150,000 |
| Pharmacy | 55,000 | - | - | - | - | 55,000 |
| Net Payroll | 344,445 | 322,000 | 322,000 | 322,000 | 322,000 | 1,632,445 |
| Payroll Taxes | 149,864 | 136,000 | 136,000 | 136,000 | 136,000 | 693,864 |
| 401(k) Funding | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 22,500 |
| Other Employee Benefits | - | - | - | 150,000 | - | 150,000 |
| Worker's Compensation Premiums | - | - | - | 46,000 | - | 46,000 |
| Insurance Premiums | - | 7,565 | - | 65,000 | - | 72,565 |
| UST Fee | - | - | - | 5,000 | - | 5,000 |
| Receiver Fee | - | - | - | 10,000 | - | 10,000 |
| Bank Line Interest/Bank Fees | - | - | 4,100 | - | - | 4,100 |
| Utilities | - | 25,000 | - | 50,000 | - | 75,000 |
| Physicians | - | 40,000 | - | 40,000 | - | 80,000 |
| Loan/Lease | - | 15,500 | - | - | - | 15,500 |
| Real Estate Taxes | - | - | - | - | - | - |
| Professional/Receiver | - | - | - | - | - | - |
| Professional/Trustee | - | - | - | - | 15,000 | 15,000 |
| Professional/Committee | - | - | - | - | 15,000 | 15,000 |
| Prior Professional | - | - | - | - | - | - |
| Cash receipts assessment | - | - | - | - | - | - |
| **Total Disbursements** | 583,810 | 580,565 | 496,600 | 858,500 | 522,500 | 3,041,975 |
| **Ending Cash Balance** | (452,821) | (276,257) | (67,756) | (130,256) | (21,756) | (21,756) |

**Highgate LTC Management LLC**
**Projected Cash Flows**

| w/e Friday | Projected Balance 01/02/09 | Projected Balance 01/09/09 | Projected Balance 01/16/09 | Projected Balance 01/23/09 | Projected Balance 01/30/09 | January Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | (250,843) | (452,821) | (276,257) | (67,756) | (130,256) | (250,843) |
| **Collections** | | | | | | |
| General Deposits | 75,000 | 250,000 | 225,000 | 160,000 | 160,000 | 870,000 |
| Medicaid Deposits | 271,833 | 477,129 | 445,101 | 426,000 | 426,000 | 2,046,063 |
| Medicare Deposits | 35,000 | 30,000 | 35,000 | 210,000 | 45,000 | 355,000 |
| **Total Collections** | 381,833 | 757,129 | 705,101 | 796,000 | 631,000 | 3,271,063 |
| **Cash Available for Disbursements** | 130,989 | 304,308 | 428,844 | 728,244 | 500,744 | 3,020,219 |
| **Disbursements** | | *Projected* | | | | |
| General Disbursements | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 150,000 |
| Pharmacy | 55,000 | - | - | - | - | 55,000 |
| Net Payroll | 344,445 | 322,000 | 322,000 | 322,000 | 322,000 | 1,632,445 |
| Payroll Taxes | 149,864 | 136,000 | 136,000 | 136,000 | 136,000 | 693,864 |
| 401(k) Funding | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 22,500 |
| Other Employee Benefits | - | - | - | 150,000 | - | 150,000 |
| Worker's Compensation Premiums | - | - | - | 46,000 | - | 46,000 |
| Insurance Premiums | - | 7,565 | - | 65,000 | - | 72,565 |
| UST Fee | - | - | - | 5,000 | - | 5,000 |
| Receiver Fee | - | - | - | 10,000 | - | 10,000 |
| Bank Line Interest/Bank Fees | - | - | 4,100 | - | - | 4,100 |
| Utilities | - | 25,000 | - | 50,000 | - | 75,000 |
| Physicians | - | 40,000 | - | 40,000 | - | 80,000 |
| Loan/Lease | - | 15,500 | - | - | - | 15,500 |
| Real Estate Taxes | - | - | - | - | - | - |
| Professional/Receiver | - | - | - | - | - | - |
| Professional/Trustee | - | - | - | - | 15,000 | 15,000 |
| Professional/Committee | - | - | - | - | 15,000 | 15,000 |
| Prior Professional | - | - | - | - | - | - |
| Cash receipts assessment | - | - | - | - | - | - |
| **Total Disbursements** | 583,810 | 580,565 | 496,600 | 858,500 | 522,500 | 3,041,975 |
| **Ending Cash Balance** | (452,821) | (276,257) | (67,756) | (130,256) | (21,756) | (21,756) |



**Moritt Hock**
**Hamroff & Horowitz** LLP
A T T O R N E Y S   A T   L A W

Leslie A. Berkoff, Esq.
Partner
Email: lberkoff@moritthock.com

**RECEIVED**

DEC 2 3 2008

BANKRUPTCY JUDGE
ALBANY, NEW YORK

December 22, 2008

**VIA FEDERAL EXPRESS**
Susan Skinner
U.S. Bankruptcy Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Suite 315
Albany, NY 12207

       **Re:**   **Highgate LTC Management, LLC (collectively the "Debtors")**
               **Case No. 07-11068**

Dear Ms. Skinner:

      Enclosed herewith please find an executed Stipulation and Order Modifying And
Extending The Terms of the Final Order Authorizing the Debtors To: (A) Borrow Money and
(B) Use Cash Collateral On A Consensual Basis and Certain Related Deadlines in connection
with the above-referenced matter.

      We would ask that His Honor So Order the Stipulation and have the same docketed by a
member of his staff.

      If you have any questions, please do not hesitate to contact the undersigned. Thank you
for your courtesies in this matter.

**RECEIVED & FILED**

DEC 2 4 2008

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

Very truly yours,

*Leslie A Berkoff*

LESLIE BERKOFF

LAB:gnl
Encl.

F:\GECC\Highgate\Bankruptcy\Corres\Court Transition CC Stip 2.Doc

RECEIVED

JAN 21 2009

OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

So ordered this _____ day of January 2009

_____
Hon. Robert E. Littlefield, Jr.
U.S.B.J.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

Chapter 11

In re:

**HIGHGATE LTC MANAGEMENT LLC,**                    Case No. 07-11068-REL

Debtor.

--------------------------------------------------------X

RECEIVED & FILED

JAN. 2 2 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

**STIPULATION AND ORDER MODIFYING AND
EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE
DEBTORS TO: (A) BORROW MONEY AND (B) USE CASH COLLATERAL ON
A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES**

WHEREAS, on May 14, 2007 this Court entered a Final Order Authorizing the

Debtors to: (A) Borrow Money Pursuant to Sections 105, 361, 362, 364(c)(1), 364(c)(2),

364(c)(3), and 364(e) of the Bankruptcy Code; and (B) Use Cash Collateral on a Consensual

Basis and (C) Granting Adequate Protection And Related Relief Pursuant to Sections 105, 361,

and 363 of the Bankruptcy Code (the "Final Order"); and

WHEREAS, the Final Order also authorized Long Hill Alliance Company (the

"Receiver"), to borrow money on behalf of the Debtors and use Cash Collateral, as more fully

defined and described in the Final Order; and

WHEREAS, pursuant to the terms of the Order Appointing Substitute Receiver,

signed by Justice Hummel of the Supreme Court of the State of New York, Rensselaer County,

dated November 3, 2008 (the "Order Appointing Substitute Receiver", the Receiver has been replaced by EF Consulting, LLC (the "Substitute Receiver") effective as of the date of said Order; and

WHEREAS, pursuant to two prior Stipulations and Order of this Court dated November 19, 2008 and December 24, 2008 the Substitute Receiver was authorized to utilize the Cash Collateral of the Debtors, and seek approval of a Budget which would be implemented pursuant to the terms of the Final Order, as amended (collectively the "Prior Stipulations"); and

WHEREAS, GECC is willing to allow the Substitute Receiver the right to use Cash Collateral on the terms and conditions set forth in the Final Order, except as other modified herein or in the Substitute Receiver Order or in the Prior Stipulations; it is now

NOW THEREFORE,

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel as follows:

1.      The Termination Date for the right to utilize Cash Collateral as used in the Final Order hereby is modified to read February 28, 2009.

2.      The defined term Receiver as utilized in the Final Order shall as of the date hereof, shall apply to the term Substitute Receiver in all places, except, so that it is clear, the Substitute Receiver has no right to borrow funds under the Shortfall Agreement, the same having been terminated upon entry of the Substitute Receiver Order and thus all references to the right to borrow funds, or utilize the Shortfall Agreement are of no force and effect as relates to the Substitute Receiver. All priorities, liens, rights and remedies, including the DIP Liens, Super-priority Claims and Replacement Liens in the Final Order shall remain unmodified.

3. The Budget attached as *Exhibit C* to the Final Order is hereby replaced by the Budget attached hereto as *Exhibit A*. The Budget may be amended at the request of the Substitute Receiver, upon the written consent of GECC, on notice to the US Trustee, the Trustee, and the Unsecured Creditors Committee.

4. All of the other terms and conditions of the Final Order (as modified or extended pursuant to Stipulations entered into after the date of the Final Order) and the agreements referred to therein remain in full force and effect. Capitalized terms not defined herein shall have the meaning given to them in the Final Order.

5. A hearing shall be scheduled for February 25, 2009 at 11:00 a.m. consistent with paragraph 1 hereof.

Dated: January ___, 2009

<div align="right">

**MORITT HOCK HAMROFF & HOROWITZ LLP**
Attorneys for General Electric Capital
Corporation

By: _____
Leslie A. Berkoff, Esq.
400 Garden City Plaza
Garden City, NY 11530
516-873-2000

-and-


**NEUBERT, PEPE & MONTEITH, P.C.**
Attorneys for the Chapter 11 Trustee

By: _____
Mark I. Fishman, Esq.
195 Church Street
New Haven, CT 06510
Phone: (203) 821-2000

-and-

</div>

3. The Budget attached as *Exhibit C* to the Final Order is hereby replaced by the Budget attached hereto as *Exhibit A*. The Budget may be amended at the request of the Substitute Receiver, upon the written consent of GECC, on notice to the US Trustee, the Trustee, and the Unsecured Creditors Committee.

4. All of the other terms and conditions of the Final Order (as modified or extended pursuant to Stipulations entered into after the date of the Final Order) and the agreements referred to therein remain in full force and effect. Capitalized terms not defined herein shall have the meaning given to them in the Final Order.

5. A hearing shall be scheduled for February 25, 2009 at 11:00 a.m. consistent with paragraph 1 hereof.

Dated: January 19, 2009

<div style="margin-left: 40%;">

**MORITT HOCK HAMROFF & HOROWITZ LLP**
Attorneys for General Electric Capital
Corporation

By: _____
Leslie A. Berkoff, Esq.
400 Garden City Plaza
Garden City, NY 11530
516-873-2000

-and-

**NEUBERT, PEPE & MONTEITH, P.C.**
Attorneys for the Chapter 11 Trustee

By: _____
Mark I. Fishman, Esq.
195 Church Street
New Haven, CT 06510
Phone: (203) 821-2000

-and-

</div>

**FARRELL FRITZ, P.C.**
Attorneys for the Unsecured Creditors' Committee

By: _____
Ted A. Berkowitz, Esq.
1320 Reckson Plaza
Uniondale, New York 11556-1320
Tel: 516-227-0647

-and-

**BACKENROTH, FRANKEL & KRINSKY, LLP**
Attorneys for the Substitute Receiver

By: _____
Abraham J. Backenroth, Esq.
489 Fifth Avenue
New York, New York 10017
Tel: 212-593-1100

STIPULATION AND ORDER MODIFYING AND
EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY AND (B)
USE CASH COLLATERAL ON A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

F:\GECC\Highgate\Bankruptcy\Docs\Transition Cc Stip 3.Doc

| Highgate LTC Management LLC Projected Cash Flows w/e Friday | Projected Balance 02/06/09 | Projected Balance 02/13/09 | Projected Balance 02/20/09 | Projected Balance 02/27/09 | Projected Balance | February Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | (245,249) | (223,475) | (90,519) | 124,023 | - | (245,249) |
| **Collections** | | | | | | |
| General Deposits | 75,000 | 250,000 | 225,000 | 160,000 | - | 710,000 |
| Medicaid Deposits | 418,435 | 450,000 | 455,000 | 430,000 | - | 1,753,435 |
| Medicare Deposits | 35,000 | 30,000 | 35,000 | 210,000 | - | 310,000 |
| **Total Collections** | 528,435 | 730,000 | 715,000 | 800,000 | - | 2,773,435 |
| **Cash Available for Disbursements** | 283,186 | 506,525 | 624,481 | 924,023 | - | 2,528,186 |
| **Disbursements** | | | **Projected** | | | |
| General Disbursements | 45,000 | 55,000 | 35,000 | 60,000 | - | 195,000 |
| Pharmacy | - | | - | - | - | - |
| Net Payroll | 315,000 | 315,000 | 315,000 | 315,000 | - | 1,260,000 |
| Payroll Taxes | 142,000 | 142,000 | 142,000 | 142,000 | - | 568,000 |
| 401(k) Funding | 4,661 | 4,544 | 4,359 | 4,500 | - | 18,063 |
| Other Employee Benefits | - | - | - | 150,000 | - | 150,000 |
| Worker's Compensation Premiums | - | - | - | 46,000 | - | 46,000 |
| Insurance Premiums | - | | - | 65,000 | - | 65,000 |
| UST Fee | - | - | - | 5,000 | - | 5,000 |
| Receiver Fee | - | - | - | 10,000 | - | 10,000 |
| Bank Line Interest/Bank Fees | - | - | 4,100 | - | - | 4,100 |
| Utilities | - | 25,000 | - | 50,000 | - | 75,000 |
| Physicians | - | 40,000 | - | 40,000 | - | 80,000 |
| Loan/Lease | - | 15,500 | - | - | - | 15,500 |
| Real Estate Taxes | | - | - | | | - |
| Professional/Receiver | - | - | - | | - | - |
| Professional/Trustee | - | - | - | 15,000 | - | 15,000 |
| Professional/Committee | - | - | - | 15,000 | - | 15,000 |
| Prior Professional | - | - | - | - | - | - |
| Cash receipts assessment | - | - | - | 20,000 | - | 20,000 |
| **Total Disbursements** | 506,661 | 597,044 | 500,459 | 937,500 | - | 2,541,663 |
| Ending Cash Balance | (223,475) | (90,519) | 124,023 | (13,477) | - | (13,477) |

| Highgate LTC Management LLC Projected Cash Flows w/e Friday | Projected Balance 01/02/09 | Projected Balance 01/09/09 | Projected Balance 01/16/09 | Projected Balance 01/23/09 | Projected Balance 01/30/09 | January Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | (250,843) | (417,624) | (293,874) | (134,060) | (187,527) | (250,843) |
| **Collections** | | | | | | |
| General Deposits | 75,000 | 250,000 | 225,000 | 160,000 | 160,000 | 870,000 |
| Medicaid Deposits | 271,833 | 477,129 | 471,877 | 435,033 | 259,778 | 1,915,649 |
| Medicare Deposits | 35,000 | 30,000 | 35,000 | 210,000 | 45,000 | 355,000 |
| **Total Collections** | 381,833 | 757,129 | 731,877 | 805,033 | 464,778 | 3,140,649 |
| **Cash Available for Disbursements** | 130,989 | 339,505 | 438,002 | 670,973 | 277,251 | 2,889,806 |
| **Disbursements** | | | **Projected** | | | |
| General Disbursements | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 150,000 |
| Pharmacy | 19,000 | - | - | - | - | 19,000 |
| Net Payroll | 337,795 | 346,716 | 309,793 | 322,000 | 322,000 | 1,638,305 |
| Payroll Taxes | 157,157 | 164,054 | 146,530 | 136,000 | 136,000 | 739,742 |
| 401(k) Funding | 4,661 | 4,544 | 4,359 | 4,500 | 4,500 | 22,563 |
| Other Employee Benefits | - | - | - | 150,000 | - | 150,000 |
| Worker's Compensation Premiums | - | - | - | 46,000 | - | 46,000 |
| Insurance Premiums | - | 7,565 | - | 65,000 | - | 72,565 |
| UST Fee | - | - | - | 5,000 | - | 5,000 |
| Receiver Fee | - | - | - | 10,000 | - | 10,000 |
| Bank Line Interest/Bank Fees | - | - | 4,100 | - | - | 4,100 |
| Utilities | - | 25,000 | - | 50,000 | - | 75,000 |
| Physicians | - | 40,000 | - | 40,000 | - | 80,000 |
| Loan/Lease | - | 15,500 | - | - | | 15,500 |
| Real Estate Taxes | - | - | - | - | | - |
| Professional/Receiver | - | - | - | - | | - |
| Professional/Trustee | - | - | - | - | 15,000 | 15,000 |
| Professional/Committee | - | - | - | - | 15,000 | 15,000 |
| Prior Professional | - | - | - | - | - | - |
| Cash receipts assessment | - | - | 77,280 | - | - | 77,280 |
| **Total Disbursements** | 548,613 | 633,379 | 572,062 | 858,500 | 522,500 | 3,135,055 |
| Ending Cash Balance | (417,624) | (293,874) | (134,060) | (187,527) | (245,249) | (245,249) |

| Highgate LTC Management LLC<br>Projected Cash Flows<br>w/e Friday | Projected Balance 12/05/08 | Projected Balance 12/12/08 | Projected Balance 12/19/08 | Projected Balance 12/26/08 | Projected Balance | December Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | (133,620) | (308,405) | (283,885) | (159,757) | (210,843) | (133,620) |
| **Collections** | | | | | | |
| General Deposits | 75,000 | 250,000 | 225,000 | 160,000 | | 710,000 |
| Medicaid Deposits | 329,046 | 403,997 | 445,101 | 413,130 | | 1,591,273 |
| Medicare Deposits | 25,000 | 25,000 | 25,000 | 299,783 | | 374,783 |
| **Total Collections** | 429,046 | 678,997 | 695,101 | 872,913 | - | 2,676,056 |
| **Cash Available for Disbursements** | 295,426 | 370,592 | 411,216 | 713,157 | (210,843) | 2,542,437 |
| **Disbursements** | | | **Projected** | | | |
| General Disbursements | 50,000 | 50,000 | 50,000 | 50,000 | | 200,000 |
| Pharmacy | 55,000 | 55,000 | 55,000 | 55,000 | | 220,000 |
| Net Payroll | 344,445 | 321,789 | 321,575 | 322,000 | | 1,309,809 |
| Payroll Taxes | 149,864 | 135,538 | 135,914 | 136,000 | | 557,316 |
| 401(k) Funding | 4,521 | 4,085 | 4,084 | 5,000 | | 17,690 |
| Other Employee Benefits | - | - | - | 150,000 | | 150,000 |
| Worker's Compensation Premiums | - | - | - | 46,000 | | 46,000 |
| Insurance Premiums | - | 7,565 | - | 65,000 | | 72,565 |
| UST Fee | - | - | - | 5,000 | | 5,000 |
| Receiver Fee | - | - | - | - | 10,000 | 10,000 |
| Bank Line Interest/Bank Fees | - | - | 4,400 | - | | 4,400 |
| Utilities | - | 25,000 | - | 50,000 | | 75,000 |
| Physicians | - | 40,000 | | 40,000 | | 80,000 |
| Loan/Lease | - | 15,500 | - | - | | 15,500 |
| Real Estate Taxes | - | - | - | - | | - |
| Professional/Receiver | - | - | - | - | | |
| Professional/Trustee | - | - | - | - | 15,000 | 15,000 |
| Professional/Committee | - | - | - | - | 15,000 | 15,000 |
| Prior Professional | - | - | - | - | | - |
| Cash receipts assessment | - | - | - | - | - | - |
| **Total Disbursements** | 603,831 | 654,477 | 570,973 | 924,000 | 40,000 | 2,793,280 |
| Ending Cash Balance | (308,405) | (283,885) | (159,757) | (210,843) | (250,843) | (250,843) |



# Moritt Hock
# Hamroff & Horowitz LLP
## A T T O R N E Y S   A T   L A W



Leslie A. Berkoff, Esq.
Partner
Email: lberkoff@moritthock.com

RECEIVED

JAN 2 1 2009

OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

January 20, 2009

**VIA FEDERAL EXPRESS**
Susan Skinner
U.S. Bankruptcy Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Suite 315
Albany, NY 12207

      **Re:**    **Highgate LTC Management, LLC (collectively the "Debtors")**
              **Case No. 07-11068**

Dear Ms. Skinner:

     Enclosed herewith please find an executed Stipulation and Order Modifying And Extending The Terms of the Final Order Authorizing the Debtors To: (A) Borrow Money and (B) Use Cash Collateral On A Consensual Basis and Certain Related Deadlines in connection with the above-referenced matter.

     We would ask that His Honor So Order the Stipulation and have the same docketed by a member of his staff.

     If you have any questions, please do not hesitate to contact the undersigned. Thank you for your courtesies in this matter.

RECEIVED & FILED

JAN 2 2 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

LAB:gml

Very truly yours,

LESLIE BERKOFF

Encl.

F:\GECC\Highgate\Bankruptcy\Corres\Court Transition CC Stip 3.Doc

**RECEIVED**

FEB 2 7 2009

OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

So ordered ~~this~~ ~~day of February 2009~~

MAR - 2 2009

Hon. Robert E. Littlefield, Jr.
Chief, U.S.B.J.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

In re:

**HIGHGATE LTC MANAGEMENT LLC,**

Debtor.

------------------------------------------------------X

Chapter 11

Case No. 07-11068-REL

**RECEIVED & FILED**

MAR  2 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

## STIPULATION AND ORDER MODIFYING AND
## EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE
## DEBTORS TO: (A) BORROW MONEY AND (B) USE CASH COLLATERAL ON
## A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

WHEREAS, on May 14, 2007 this Court entered a Final Order Authorizing the

Debtors to: (A) Borrow Money Pursuant to Sections 105, 361, 362, 364(c)(1), 364(c)(2),

364(c)(3), and 364(e) of the Bankruptcy Code; and (B) Use Cash Collateral on a Consensual

Basis and (C) Granting Adequate Protection And Related Relief Pursuant to Sections 105, 361,

and 363 of the Bankruptcy Code (the "Final Order"); and

WHEREAS, the Final Order also authorized Long Hill Alliance Company (the

"Receiver"), to borrow money on behalf of the Debtors and use Cash Collateral, as more fully

defined and described in the Final Order; and

WHEREAS, pursuant to the terms of the Order Appointing Substitute Receiver,

signed by Justice Hummel of the Supreme Court of the State of New York, Rensselaer County,

dated November 3, 2008 (the "Order Appointing Substitute Receiver", the Receiver has been replaced by EF Consulting, LLC (the "Substitute Receiver") effective as of the date of said Order; and

WHEREAS, pursuant to three prior Stipulations and Order of this Court dated November 19, 2008, December 24, 2008 and January 22, 2009, the Substitute Receiver was authorized to utilize the Cash Collateral of the Debtors, and seek approval of a Budget which would be implemented pursuant to the terms of the Final Order, as amended (collectively, the "Prior Stipulations"); and

WHEREAS, GECC is willing to allow the Substitute Receiver the continued right to use Cash Collateral on the terms and conditions set forth in the Final Order, except as other modified herein or in the Substitute Receiver Order or in the Prior Stipulations; it is now

NOW THEREFORE,

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel as follows:

1.    The Termination Date for the right to utilize Cash Collateral as used in the Final Order hereby is modified to read April 29, 2009.

2.    The defined term Receiver as utilized in the Final Order shall as of the date hereof, shall apply to the term Substitute Receiver in all places, except, so that it is clear, the Substitute Receiver has no right to borrow funds under the Shortfall Agreement, the same having been terminated upon entry of the Substitute Receiver Order and thus all references to the right to borrow funds, or utilize the Shortfall Agreement are of no force and effect as relates to the Substitute Receiver. All priorities, liens, rights and remedies, including the DIP Liens, Super-priority Claims and Replacement Liens in the Final Order shall remain unmodified.

3.     The Budget attached as *Exhibit C* to the Final Order is hereby replaced by the

Budget attached hereto as *Exhibit A*.  The Budget may be amended at the request of the

Substitute Receiver, upon the written consent of GECC, on notice to the US Trustee, the

Trustee and the Unsecured Creditors Committee.

4.     All of the other terms and conditions of the Final Order (as modified or extended

pursuant to Stipulations entered into after the date of the Final Order) and the agreements

referred to therein remain in full force and effect.  Capitalized terms not defined herein shall

have the meaning given to them in the Final Order.

5.     A hearing shall be scheduled for April 2, 2009 at 11:00 a.m. consistent with

paragraph 1 hereof.

Dated: February___, 2009

<div style="text-align: right;">

**MORITT HOCK HAMROFF & HOROWITZ LLP**
Attorneys for General Electric Capital
Corporation

By: _____
Leslie A. Berkoff, Esq.
400 Garden City Plaza
Garden City, NY 11530
516-873-2000

-and-


**NEUBERT, PEPE & MONTEITH, P.C.**
Attorneys for the Chapter 11 Trustee

By: _____
Mark I. Fishman, Esq.
195 Church Street
New Haven, CT 06510
Phone: (203) 821-2000

</div>

-and-

**FARRELL FRITZ, P.C.**
Attorneys for the Unsecured Creditors' Committee

By: _____

  Ted A. Berkowitz, Esq.
1320 Reckson Plaza
Uniondale, New York 11556-1320
Tel: 516-227-0647

-and-

**BACKENROTH, FRANKEL & KRINSKY, LLP**
Attorneys for the Substitute Receiver

By: _____

Abraham J. Backenroth, Esq.
489 Fifth Avenue
New York, New York 10017
Tel: 212-593-1100

STIPULATION AND ORDER MODIFYING AND
EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY AND (B)
USE CASH COLLATERAL ON A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

F:\GECC\Highgate\Bankruptcy\Docs\Transition Cc Stip 4v2.Doc

**Highgate LTC Management LLC**
**Projected Cash Flows**   w/e Friday

| | Projected Balance 03/06/08 | Projected Balance 03/13/08 | Projected Balance 03/20/08 | Projected Balance 03/27/08 | March Totals |
|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | 43,500 | 849 | (92,747) | (216,423) | 43,500 |
| **Collections** | | | | | |
| General Deposits | 232,033 | 260,339 | 188,000 | 192,000 | 872,372 |
| Medicaid Deposits | 280,852 | 385,312 | 435,000 | 421,000 | 1,522,164 |
| Medicare Deposits | - | - | - | 410,000 | 410,000 |
| **Total Collections** | 512,885 | 645,651 | 623,000 | 1,023,000 | 2,804,536 |
| **Cash Available for Disbursements** | 556,385 | 646,500 | 530,253 | 806,577 | 2,848,036 |
| **Disbursements** | | | Projected | | |
| General Disbursements | 75,000 | 121,000 | 75,000 | 50,000 | 321,000 |
| Pharmacy | - | - | 126,381 | - | 126,381 |
| Net Payroll | 309,396 | 309,396 | 309,396 | 309,396 | 1,237,584 |
| Payroll Taxes | 141,558 | 141,558 | 141,558 | 141,558 | 566,232 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 | 17,569 |
| Other Employee Benefits | - | - | - | 148,000 | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 | 63,495 |
| Insurance Premiums | - | - | 35,260 | - | 35,260 |
| UST Fee | - | - | - | 10,400 | 10,400 |
| Receiver Fee | - | - | - | - | - |
| Bank Line Interest/Bank Fees | - | - | - | - | - |
| Utilities | 25,000 | - | 49,850 | - | 74,850 |
| Physicians | - | 25,000 | - | 50,000 | 75,000 |
| Loan/Lease | - | - | 4,893 | - | 4,893 |
| Real Estate Taxes | - | - | - | - | - |
| Professional/Receiver | - | - | - | 15,000 | 15,000 |
| Professional/Trustee | - | - | - | 15,000 | 15,000 |
| Professional/Committee | - | - | - | - | - |
| Prior Professional | - | - | - | - | - |
| Cash receipts assessment | - | 138,000 | - | - | 138,000 |
| **Total Disbursements** | 555,536 | 739,247 | 746,676 | 807,205 | 2,848,664 |
| **Ending Cash Balance** | 849 | (92,747) | (216,423) | (628) | (628) |
| **Monthly Net Cash** | (42,651) | (93,596) | (123,676) | 215,795 | (44,128) |

**Highgate LTC Management LLC**
**Projected Cash Flows**  w/e Friday

| | Projected Balance 04/03/08 | Projected Balance 04/10/08 | Projected Balance 04/17/08 | Projected Balance 04/24/08 | April Totals |
|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | (24,128) | (35,164) | (118,411) | (239,237) | (24,128) |
| **Collections** | | | | | |
| General Deposits | 252,000 | 273,000 | 188,000 | 192,000 | 905,000 |
| Medicaid Deposits | 293,000 | 391,000 | 438,000 | 425,000 | 1,547,000 |
| Medicare Deposits | - | - | - | 390,000 | 390,000 |
| **Total Collections** | 545,000 | 664,000 | 626,000 | 1,007,000 | 2,842,000 |
| **Cash Available for Disbursements** | 520,872 | 628,836 | 507,589 | 767,763 | 2,817,872 |
| **Disbursements** | | | Projected | Projected | |
| General Disbursements | 75,500 | 126,000 | 78,000 | 55,000 | 334,500 |
| Pharmacy | - | - | 131,381 | - | 131,381 |
| Net Payroll | 309,396 | 309,396 | 309,396 | 309,396 | 1,237,584 |
| Payroll Taxes | 141,558 | 141,558 | 141,558 | 141,558 | 566,232 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 | 17,569 |
| Other Employee Benefits | - | - | - | 148,000 | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 | 63,495 |
| Insurance Premiums | - | - | 35,260 | - | 35,260 |
| UST Fee | - | - | - | 10,400 | 10,400 |
| Receiver Fee | - | - | - | - | - |
| Bank Line Interest/Bank Fees | - | - | - | - | - |
| Utilities | 25,000 | - | 42,000 | - | 67,000 |
| Physicians | - | 25,000 | - | 50,000 | 75,000 |
| Loan/Lease | - | - | 4,893 | - | 4,893 |
| Real Estate Taxes | - | - | - | - | - |
| Professional/Receiver | - | - | - | 15,000 | 15,000 |
| Professional/Trustee | - | - | - | 15,000 | 15,000 |
| Professional/Committee | - | - | - | - | - |
| Prior Professional | - | - | - | - | - |
| Cash receipts assessment | - | 141,000 | - | - | 141,000 |
| **Total Disbursements** | 556,036 | 747,247 | 746,826 | 812,205 | 2,862,314 |
| **Ending Cash Balance** | (35,164) | (118,411) | (239,237) | (44,442) | (44,442) |
| **Monthly Net Cash** | (11,036) | (83,247) | (120,826) | 194,795 | (20,314) |



**Moritt Hock Hamroff & Horowitz** LLP
A T T O R N E Y S   A T   L A W

**RECEIVED**

FEB 27 2009

OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

Leslie A. Berkoff, Esq.
Partner
Admitted in NY & CT
Email: lberkoff@moritthock.com

**RUSH**

February 26, 2009

**VIA OVERNIGHT MAIL**
Susan Skinner
U.S. Bankruptcy Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Suite 315
Albany, NY 12207

    Re:   **Highgate LTC Management, LLC**
            **Case No. 07-11068**

**RECEIVED & FILED**

MAR 2 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

Dear Ms. Skinner:

    Enclosed herewith please find an original executed Stipulation and Order Further Modifying and Extending the Terms of the Final Order Authorizing the Estate to: (A) Borrow Money and (B) Use Cash Collateral on a Consensual Basis in connection with the above-referenced matter.

    We would ask that you present the Stipulation to His Honor so that he may So Order the Stipulation and have the same docketed by a member of his staff.

    If you have any questions, please do not hesitate to contact the undersigned. Thank you for your courtesies in this matter.

                                Very truly yours,

                                LESLIE ANN BERKOFF

LAB:dm
Encl.

So ordered this 24th day of April 2009

_____
Hon. Robert E. Littlefield, Jr.
Chief, U.S.B.J.

**RECEIVED**

**APR 2 9 2009**

OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

In re:

**HIGHGATE LTC MANAGEMENT LLC,**

Debtor.

-------------------------------------------------------X

Chapter 11

Case No. 07-11068-REL

## STIPULATION AND ORDER MODIFYING AND
## EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE
## DEBTORS TO: (A) BORROW MONEY AND (B) USE CASH COLLATERAL ON
## A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

WHEREAS, on May 14, 2007 this Court entered a Final Order Authorizing the

Debtors to: (A) Borrow Money Pursuant to Sections 105, 361, 362, 364(c)(1), 364(c)(2),

364(c)(3), and 364(e) of the Bankruptcy Code; and (B) Use Cash Collateral on a Consensual

Basis and (C) Granting Adequate Protection And Related Relief Pursuant to Sections 105, 361,

and 363 of the Bankruptcy Code (the "Final Order"); and

WHEREAS, the Final Order also authorized Long Hill Alliance Company (the

"Receiver"), to borrow money on behalf of the Debtors and use Cash Collateral, as more fully

defined and described in the Final Order; and

WHEREAS, pursuant to the terms of the Order Appointing Substitute Receiver,

signed by Justice Hummel of the Supreme Court of the State of New York, Rensselaer County,

**RECEIVED & FILED**

**APR 2 9 2009**

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

dated November 3, 2008 (the "Order Appointing Substitute Receiver", the Receiver has been replaced by EF Consulting, LLC (the "Substitute Receiver") effective as of the date of said Order; and

WHEREAS, pursuant to four prior Stipulations and Order of this Court dated November 19, 2008, December 24, 2008, January 22, 2009 and March 2, 2009, the Substitute Receiver was authorized to utilize the Cash Collateral of the Debtors, and seek approval of a Budget which would be implemented pursuant to the terms of the Final Order, as amended (collectively, the "Prior Stipulations"); and

WHEREAS, GECC is willing to allow the Substitute Receiver the continued right to use Cash Collateral on the terms and conditions set forth in the Final Order, except as other modified herein or in the Substitute Receiver Order or in the Prior Stipulations; it is now

NOW THEREFORE,

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel as follows:

1. The Termination Date for the right to utilize Cash Collateral as used in the Final Order hereby is modified to read July 1, 2009.

2. The defined term Receiver as utilized in the Final Order shall as of the date hereof, shall apply to the term Substitute Receiver in all places, except, so that it is clear, the Substitute Receiver has no right to borrow funds under the Shortfall Agreement, the same having been terminated upon entry of the Substitute Receiver Order and thus all references to the right to borrow funds, or utilize the Shortfall Agreement are of no force and effect as relates to the Substitute Receiver. All priorities, liens, rights and remedies, including the DIP Liens, Super-priority Claims and Replacement Liens in the Final Order shall remain unmodified.

3.     The Budget attached as *Exhibit C* to the Final Order is hereby replaced by the

Budget attached hereto as *Exhibit A*. The Budget may be amended at the request of the

Substitute Receiver, upon the written consent of GECC, on notice to the US Trustee, the

Trustee and the Unsecured Creditors Committee.

4.     All of the other terms and conditions of the Final Order (as modified or extended

pursuant to Stipulations entered into after the date of the Final Order) and the agreements

referred to therein remain in full force and effect. Capitalized terms not defined herein shall

have the meaning given to them in the Final Order.

5.     A hearing shall be scheduled for July 1, 2009 at 11:00 a.m. consistent with

paragraph 1 hereof.

Dated: April 24, 2009

<div style="margin-left:40%">

**MORITT HOCK HAMROFF & HOROWITZ LLP**
Attorneys for General Electric Capital
Corporation

By: _____
Leslie A. Berkoff, Esq.
400 Garden City Plaza
Garden City, NY 11530
516-873-2000

-and-


**NEUBERT, PEPE & MONTEITH, P.C.**
Attorneys for the Chapter 11 Trustee

By: _____
Mark I. Fishman, Esq.
195 Church Street
New Haven, CT 06510
Phone: (203) 821-2000

</div>

-and-

**FARRELL FRITZ, P.C.**
Attorneys for the Unsecured Creditors' Committee

By: _____
    Ted A. Berkowitz, Esq.
    1320 Reckson Plaza
    Uniondale, New York 11556-1320
    Tel: 516-227-0647

-and-

**BACKENROTH, FRANKEL & KRINSKY, LLP**
Attorneys for the Substitute Receiver

By: _____
    Abraham J. Backenroth, Esq.
    489 Fifth Avenue
    New York, New York 10017
    Tel: 212-593-1100

STIPULATION AND ORDER MODIFYING AND
EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY AND (B)
USE CASH COLLATERAL ON A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

F:\GECC\Highgate\Bankruptcy\Docs\Transition Cc Stip 4v2.Doc

-and-

**FARRELL FRITZ, P.C.**
Attorneys for the Unsecured Creditors' Committee

By: _____
   Ted A. Berkowitz, Esq.
1320 Reckson Plaza
Uniondale, New York 11556-1320
Tel: 516-227-0647

-and-

**BACKENROTH, FRANKEL & KRINSKY, LLP**
Attorneys for the Substitute Receiver

By: _____
Abraham J. Backenroth, Esq.
489 Fifth Avenue
New York, New York 10017
Tel: 212-593-1100

STIPULATION AND ORDER MODIFYING AND
EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY AND (B)
USE CASH COLLATERAL ON A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

F:\GECC\Highgate\Bankruptcy\Docs\Transition Cc Stip 4v2.Doc

**Highgate LTC Management LLC**
**Projected Cash Flows**   w/e Friday

| | Projected Balance 05/01/09 | Projected Balance 05/08/09 | Projected Balance 05/15/09 | Projected Balance 05/22/09 | Projected Balance 05/29/09 | May Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | (314) | 138,705 | 20,912 | (221,418) | (36,769) | (314) |
| **Collections** | | | | | | |
| General Deposits | 280,000 | 258,000 | 190,000 | 182,000 | 138,000 | 1,048,000 |
| Medicaid Deposits | 445,601 | 391,000 | 438,000 | 425,000 | 458,000 | 2,157,601 |
| Medicare Deposits | 410,000 | - | - | 410,000 | - | 410,000 |
| **Total Collections** | 725,601 | 649,000 | 628,000 | 1,017,000 | 596,000 | 3,615,601 |
| **Cash Available for Disbursements** | 725,287 | 787,705 | 648,912 | 795,582 | 559,231 | 3,516,717 |
| **Disbursements** | | | | Projected | | |
| General Disbursements | 100,500 | 161,000 | 113,000 | 90,000 | 92,000 | 556,500 |
| Pharmacy | - | - | 192,944 | - | - | 192,944 |
| Net Payroll | 325,000 | 325,000 | 325,000 | 325,000 | 325,000 | 1,625,000 |
| Payroll Taxes | 131,500 | 131,500 | 131,500 | 131,500 | 131,500 | 657,500 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 | 4,400 | 21,969 |
| Other Employee Benefits | - | - | - | 148,000 | | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 | | 63,495 |
| Insurance Premiums | - | - | 35,260 | - | | 35,260 |
| UST Fee | - | - | - | 5,000 | | 5,000 |
| Receiver Fee | - | - | - | - | | - |
| Bank Line Interest/Bank Fees | - | - | - | - | | - |
| Utilities | 25,000 | - | 63,396 | - | | 88,396 |
| Physicians | - | 25,000 | - | 35,000 | | 60,000 |
| Loan/Lease | - | - | 4,893 | - | | 4,893 |
| Real Estate Taxes | - | - | - | - | | - |
| Professional/Receiver | - | - | - | - | | - |
| Professional/Trustee | - | - | - | 15,000 | | 15,000 |
| Professional/Committee | - | - | - | 15,000 | | 15,000 |
| Prior Professional | - | - | - | - | | - |
| Cash receipts assessment | - | 120,000 | - | - | | 120,000 |
| **Total Disbursements** | 586,582 | 766,793 | 870,331 | 832,351 | 552,900 | 3,608,957 |
| **Ending Cash Balance** | 138,705 | 20,912 | (221,418) | (36,769) | 6,331 | (92,239) |
| **Monthly Net Cash** | 139,019 | (117,793) | (242,331) | 184,649 | 43,100 | 6,645 |

| Highgate LTC Management LLC<br>Projected Cash Flows w/e Friday | Projected Balance 06/05/09 | Projected Balance 06/12/09 | Projected Balance 06/19/09 | Projected Balance 06/26/09 | June Totals |
|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | 16,245 | 99,764 | (11,029) | (201,043) | 16,245 |
| | | | | | |
| **Collections** | | | | | |
| General Deposits | 282,000 | 267,000 | 192,000 | 198,000 | 939,000 |
| Medicaid Deposits | 445,601 | 391,000 | 438,000 | 425,000 | 1,699,601 |
| Medicare Deposits | - | - | - | 412,000 | 412,000 |
| **Total Collections** | 727,601 | 658,000 | 630,000 | 1,035,000 | 3,050,601 |
| | | | | | |
| **Cash Available for Disbursements** | 743,846 | 757,764 | 618,971 | 833,957 | 2,954,540 |
| | | | | | |
| **Disbursements** | | | | Projected | |
| General Disbursements | 102,500 | 153,000 | 101,000 | 82,000 | 438,500 |
| Pharmacy | - | - | 150,627 | - | 150,627 |
| Net Payroll | 348,000 | 325,000 | 325,000 | 325,000 | 1,323,000 |
| Payroll Taxes | 164,000 | 131,500 | 131,500 | 131,500 | 558,500 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 | 17,569 |
| Other Employee Benefits | - | - | - | 148,000 | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 | 63,495 |
| Insurance Premiums | - | - | 35,260 | - | 35,260 |
| UST Fee | - | - | - | 5,000 | 5,000 |
| Receiver Fee | - | - | - | - | - |
| Bank Line Interest/Bank Fees | - | - | - | - | - |
| Utilities | 25,000 | - | 67,396 | - | 92,396 |
| Physicians | - | 25,000 | - | 35,000 | 60,000 |
| Loan/Lease | - | - | 4,893 | - | 4,893 |
| Real Estate Taxes | - | - | - | - | - |
| Professional/Receiver | - | - | - | - | - |
| Professional/Trustee | - | - | - | 15,000 | 15,000 |
| Professional/Committee | - | - | - | 15,000 | 15,000 |
| Prior Professional | - | - | - | - | - |
| Cash receipts assessment | - | 130,000 | - | - | 130,000 |
| **Total Disbursements** | 644,082 | 768,793 | 820,014 | 824,351 | 3,057,240 |
| | | | | | |
| **Ending Cash Balance** | 99,764 | (11,029) | (201,043) | 9,607 | (102,700) |
| | | | | | |
| **Monthly Net Cash** | 83,519 | (110,793) | (190,014) | 210,649 | (6,638) |



## Moritt Hock
## Hamroff & Horowitz LLP
### A T T O R N E Y S   A T   L A W

**RECEIVED**

APR 2 9 2009

OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

**RUSH**

Leslie A. Berkoff, Esq.
Partner
Admitted in NY & CT
Email: lberkoff@moritthock.com

**RECEIVED**

2009

BANKRUPTCY JUDGE

April 28, 2009

**VIA OVERNIGHT MAIL**
Susan Skinner
U.S. Bankruptcy Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Suite 315
Albany, NY 12207

  **Re:**  **Highgate LTC Management, LLC**
     <u>**Case No. 07-11068**</u>

Dear Ms. Skinner:

  Enclosed herewith please find an original executed Stipulation and Order Further Modifying and Extending the Terms of the Final Order Authorizing the Estate to: (A) Borrow Money and (B) Use Cash Collateral on a Consensual Basis and Certain Related Deadlines in connection with the above-referenced matter.

  We would ask that you present the Stipulation to His Honor so that he may So Order the Stipulation and have the same docketed by a member of his staff.

  If you have any questions, please do not hesitate to contact the undersigned. Thank you for your courtesies in this matter.

**RECEIVED & FILED**

APR 2 9 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

Very truly yours,

LESLIE ANN BERKOFF

LAB:cn
Encl.

400 Garden City Plaza, Garden City, New York 11530 | P: 516.873.2000 | F: 516.873.2010 | www.moritthock.com
F:\GECC\Highgate\Bankruptcy\corres\court stip extending time to use cc 5th transition.doc

**RECEIVED & FILED**

JUN 2 4 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

So ordered this $24$ day of June 2009

_____

Hon. Robert E. Littlefield, Jr.
Chief, U.S.B.J.

**RECEIVED**

JUN 2 4 2009

OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

In re:

Chapter 11

**HIGHGATE LTC MANAGEMENT LLC,**

Case No. 07-11068-REL

Debtor.

---------------------------------------------------------X

**STIPULATION AND ORDER MODIFYING AND**
**EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE**
**DEBTORS TO: (A) BORROW MONEY AND (B) USE CASH COLLATERAL ON**
**A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES**

WHEREAS, on May 14, 2007 this Court entered a Final Order Authorizing the

Debtors to: (A) Borrow Money Pursuant to Sections 105, 361, 362, 364(c)(1), 364(c)(2),

364(c)(3), and 364(e) of the Bankruptcy Code; and (B) Use Cash Collateral on a Consensual

Basis and (C) Granting Adequate Protection And Related Relief Pursuant to Sections 105, 361,

and 363 of the Bankruptcy Code (the "Final Order"); and

WHEREAS, the Final Order also authorized Long Hill Alliance Company (the

"Receiver"), to borrow money on behalf of the Debtors and use Cash Collateral, as more fully

defined and described in the Final Order; and

WHEREAS, pursuant to the terms of the Order Appointing Substitute Receiver,

signed by Justice Hummel of the Supreme Court of the State of New York, Rensselaer County,

dated November 3, 2008 (the "Order Appointing Substitute Receiver", the Receiver has been replaced by EF Consulting, LLC (the "Substitute Receiver") effective as of the date of said Order; and

WHEREAS, pursuant to four prior Stipulations and Order of this Court dated November 19, 2008, December 24, 2008, January 22, 2009, March 2, 2009, and April 29, 2009 the Substitute Receiver was authorized to utilize the Cash Collateral of the Debtors and seek approval of a Budget which would be implemented pursuant to the terms of the Final Order, as amended (collectively, the "Prior Stipulations"); and

WHEREAS, GECC is willing to allow the Substitute Receiver the continued right to use Cash Collateral on the terms and conditions set forth in the Final Order, except as other modified herein or in the Substitute Receiver Order or in the Prior Stipulations; it is now

NOW THEREFORE,

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel as follows:

1.    The Termination Date for the right to utilize Cash Collateral as used in the Final Order hereby is modified to read September 9, 2009.

2.    The defined term Receiver as utilized in the Final Order shall as of the date hereof, shall apply to the term Substitute Receiver in all places, except, so that it is clear, the Substitute Receiver has no right to borrow funds under the Shortfall Agreement, the same having been terminated upon entry of the Substitute Receiver Order and thus all references to the right to borrow funds, or utilize the Shortfall Agreement are of no force and effect as relates to the Substitute Receiver.  All priorities, liens, rights and remedies, including the DIP Liens, Super-priority Claims and Replacement Liens in the Final Order shall remain unmodified.

3.     The Budget attached as *Exhibit C* to the Final Order is hereby replaced by the

Budget attached hereto as *Exhibit A*. The Budget may be amended at the request of the

Substitute Receiver, upon the written consent of GECC, on notice to the US Trustee, the

Trustee and the Unsecured Creditors Committee.

4.     All of the other terms and conditions of the Final Order (as modified or extended

pursuant to Stipulations entered into after the date of the Final Order) and the agreements

referred to therein remain in full force and effect. Capitalized terms not defined herein shall

have the meaning given to them in the Final Order.

5.     A hearing shall be scheduled for September 9, 2009 at 11:00 a.m. consistent with

paragraph 1 hereof.

Dated: June 23, 2009

<div style="margin-left:40%">

**MORITT HOCK HAMROFF & HOROWITZ LLP**
Attorneys for General Electric Capital
Corporation

By:  _____

Leslie A. Berkoff, Esq.
400 Garden City Plaza
Garden City, NY 11530
516-873-2000

-and-


**NEUBERT, PEPE & MONTEITH, P.C.**
Attorneys for the Chapter 11 Trustee

By:  _____

Mark I. Fishman, Esq.
195 Church Street
New Haven, CT 06510
Phone: (203) 821-2000

</div>

3. The Budget attached as *Exhibit C* to the Final Order is hereby replaced by the Budget attached hereto as *Exhibit A*. The Budget may be amended at the request of the Substitute Receiver, upon the written consent of GECC, on notice to the US Trustee, the Trustee and the Unsecured Creditors Committee.

4. All of the other terms and conditions of the Final Order (as modified or extended pursuant to Stipulations entered into after the date of the Final Order) and the agreements referred to therein remain in full force and effect. Capitalized terms not defined herein shall have the meaning given to them in the Final Order.

5. A hearing shall be scheduled for September 9, 2009 at 11:00 a.m. consistent with paragraph 1 hereof.

Dated: June 17, 2009

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for General Electric Capital
Corporation

By: _____
Leslie A. Berkoff, Esq.
400 Garden City Plaza
Garden City, NY 11530
516-873-2000

-and-

NEUBERT, PEPE & MONTEITH, P.C.
Attorneys for the Chapter 11 Trustee

By: _____
Mark I. Fishman, Esq.
195 Church Street
New Haven, CT 06510
Phone: (203) 821-2000

-and-

**FARRELL FRITZ, P.C.**
Attorneys for the Unsecured Creditors' Committee

By: _____
      Ted A. Berkowitz, Esq.
      1320 Reckson Plaza
      Uniondale, New York 11556-1320
      Tel: 516-227-0647

-and-

**BACKENROTH, FRANKEL & KRINSKY, LLP**
Attorneys for the Substitute Receiver

By: _____
      Abraham J. Backenroth, Esq.
      489 Fifth Avenue
      New York, New York 10017
      Tel: 212-593-1100

STIPULATION AND ORDER MODIFYING AND
EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY AND (B)
USE CASH COLLATERAL ON A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

F:\GECC\Highgate\Bankruptcy\Docs\Transition Cc Stip 6.Doc

-and-

**FARRELL FRITZ, P.C.**
Attorneys for the Unsecured Creditors' Committee

By: _____
  Ted A. Berkowitz, Esq.
  1320 Reckson Plaza
  Uniondale, New York 11556-1320
  Tel: 516-227-0647

-and-

**BACKENROTH, FRANKEL & KRINSKY, LLP**
Attorneys for the Substitute Receiver

By: _____
  Abraham J. Backenroth, Esq.
  489 Fifth Avenue
  New York, New York 10017
  Tel: 212-593-1100

STIPULATION AND ORDER MODIFYING AND
EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY AND (B)
USE CASH COLLATERAL ON A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

F:\GECC\Highgate\Bankruptcy\Docs\Transition Cc Stip 6.Doc

**Highgate LTC Management LLC**
**Projected Cash Flows**

| w/e Friday | Projected Balance 07/03/09 | Projected Balance 07/10/09 | Projected Balance 07/17/09 | Projected Balance 07/24/09 | Projected Balance 07/31/09 | July Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | 16,245 | (33,868) | (170,410) | (202,002) | (35,752) | 16,245 |
| | | | | | | |
| **Collections** | | | | | | |
| General Deposits | 301,000 | 284,000 | 272,000 | 223,000 | 215,000 | 1,295,000 |
| Medicaid Deposits | 229,969 | 412,751 | 500,000 | 400,000 | 400,000 | 1,942,720 |
| Medicare Deposits | - | - | - | 385,000 | - | 385,000 |
| **Total Collections** | 530,969 | 696,751 | 772,000 | 1,008,000 | 615,000 | 3,622,720 |
| | | | | | | |
| **Cash Available for Disbursements** | 547,214 | 662,883 | 601,590 | 805,999 | 579,248 | 3,638,965 |
| | | | | | | |
| **Disbursements** | | | Projected | | | |
| General Disbursements | 105,000 | 163,000 | 111,100 | 100,000 | 106,000 | 585,100 |
| Pharmacy | - | - | 145,000 | - | - | 145,000 |
| Net Payroll | 320,000 | 361,000 | 319,000 | 320,000 | 320,000 | 1,640,000 |
| Payroll Taxes | 126,500 | 150,000 | 126,000 | 126,500 | 126,500 | 655,500 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 | - | 17,569 |
| Other Employee Benefits | - | - | - | 148,000 | | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 | | 63,495 |
| Insurance Premiums | - | - | 35,260 | - | | 35,260 |
| UST Fee | - | - | - | 10,400 | | 10,400 |
| Receiver Fee | - | - | - | - | | - |
| Bank Line Interest/Bank Fees | - | - | - | 4,000 | | 4,000 |
| Utilities | 25,000 | - | 58,000 | - | | 83,000 |
| Physicians | - | 25,000 | - | 35,000 | | 60,000 |
| Loan/Lease | - | 4,893 | 4,893 | - | | 4,893 |
| NY Sales Taxes | - | - | - | - | | - |
| Real Estate Taxes | - | - | - | - | | - |
| Professional/Receiver | - | - | - | - | | - |
| Professional/Trustee | - | - | - | 15,000 | | 15,000 |
| Professional/Committee | - | - | - | 15,000 | | 15,000 |
| Prior Professional | - | - | - | - | | - |
| Cash receipts assessment | - | 130,000 | - | - | | 130,000 |
| **Total Disbursements** | 581,082 | 833,293 | 803,591 | 841,751 | 552,500 | 3,612,217 |
| | | | | | | |
| **Ending Cash Balance** | (33,868) | (170,410) | (202,002) | (35,752) | 26,748 | 26,748 |
| | | | | | | |
| **Monthly Net Cash** | (50,113) | (136,542) | (31,591) | 166,249 | 62,500 | 10,503 |

**Highgate LTC Management LLC**
**Projected Cash Flows**

| | Projected Balance 08/07/09 w/e Friday | Projected Balance 08/14/09 | Projected Balance 08/21/09 | Projected Balance 08/28/09 | Projected Balance 9/4/2009 | Aug Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | 26,748 | (28,365) | (166,907) | (207,399) | (36,149) | 26,748 |
| **Collections** | | | | | | |
| General Deposits | 301,000 | 284,000 | 272,000 | 223,000 | 300,000 | 1,380,000 |
| Medicaid Deposits | 229,969 | 412,751 | 500,000 | 400,000 | 235,000 | 1,777,720 |
| Medicare Deposits | - | - | - | 390,000 | - | 390,000 |
| **Total Collections** | 530,969 | 696,751 | 772,000 | 1,013,000 | 535,000 | 3,547,720 |
| **Cash Available for Disbursements** | 557,717 | 668,386 | 605,093 | 805,602 | 498,851 | 3,574,468 |
| **Disbursements** | | | **Projected** | | | |
| General Disbursements | 110,000 | 163,000 | 130,000 | 100,000 | 105,000 | 608,000 |
| Pharmacy | - | - | 135,000 | - | - | 135,000 |
| Net Payroll | 320,000 | 361,000 | 319,000 | 320,000 | 320,000 | 1,640,000 |
| Payroll Taxes | 126,500 | 150,000 | 126,000 | 126,500 | 126,500 | 655,500 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 | 4,355 | 21,924 |
| Other Employee Benefits | - | - | - | 148,000 | - | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 | - | 63,495 |
| Insurance Premiums | - | - | 35,260 | - | - | 35,260 |
| UST Fee | - | - | - | 10,400 | - | 10,400 |
| Receiver Fee | - | - | - | - | - | - |
| Bank Line Interest/Bank Fees | - | - | - | 4,000 | - | 4,000 |
| Utilities | 25,000 | - | 58,000 | 35,000 | - | 83,000 |
| Physicians | - | 25,000 | - | - | - | 60,000 |
| Loan/Lease | - | 4,893 | - | - | 4,893 | 4,893 |
| NY Sales Taxes | - | - | - | - | - | - |
| Real Estate Taxes | - | - | - | - | - | - |
| Professional/Receiver | - | - | - | - | - | - |

| | | | | | | |
|---|---|---|---|---|---|---|
| Professional/Trustee | - | - | - | - | 15,000 | 15,000 |
| Professional/Committee | - | - | - | - | 15,000 | 15,000 |
| Prior Professional | - | - | - | - | - | - |
| Cash receipts assessment | - | 132,000 | - | - | - | 132,000 |
| **Total Disbursements** | 586,082 | 835,293 | 812,491 | 841,751 | 555,855 | 3,631,472 |
| **Ending Cash Balance** | (28,365) | (166,907) | (207,399) | (36,149) | (57,004) | (57,004) |
| **Monthly Net Cash** | (55,113) | (138,542) | (40,491) | 171,249 | (20,855) | (83,752) |


**Moritt Hock**
**Hamroff & Horowitz** LLP
A T T O R N E Y S   A T   L A W

**RECEIVED**

**JUN 2 4 2009**

OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

Leslie A. Berkoff, Esq.
Partner
Admitted in NY & CT
Email: lberkoff@moritthock.com

June 23, 2009

**VIA FEDERAL EXPRESS**
Susan Skinner
U.S. Bankruptcy Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Suite 315
Albany, NY 12207

      **Re:**    **Highgate LTC Management, LLC**
              **Case No. 07-11068**
              <u>**Hearing Date: July 1, 2009**</u>

Dear Ms. Skinner:

      Enclosed herewith please find an original executed Stipulation and Order Further Modifying and Extending the Terms of the Final Order Authorizing the Estate to: (A) Borrow Money and (B) Use Cash Collateral on a Consensual Basis and Certain Related Deadlines in connection with the above-referenced matter.

      We would ask that you present the Stipulation to His Honor so that he may So Order the Stipulation and have the same docketed by a member of his staff.

      If you have any questions, please do not hesitate to contact the undersigned. Thank you for your courtesies in this matter.

                         Very truly yours,

                         LESLIE ANN BERKOFF

LAB:cn
Encl.

**RECEIVED**

SEP 4 - 2009

OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

So ordered this 8th day of September 2009

_____

Hon. Robert E. Littlefield, Jr.
Chief, U.S.B.J.

RECEIVED & FILED

SEP 8 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

In re:

HIGHGATE LTC MANAGEMENT, LLC *et al.*

Debtors.

-------------------------------------------------------------------X

Chapter 11

Case No. 07-11068-REL

### STIPULATION AND ORDER MODIFYING AND EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY AND (B) USE CASH COLLATERAL ON A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

WHEREAS, on May 14, 2007 this Court entered a Final Order Authorizing the Debtors to: (A) Borrow Money Pursuant to Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), and 364(e) of the Bankruptcy Code; (B) Use Cash Collateral on a Consensual Basis; and (C) Granting Adequate Protection And Related Relief Pursuant to Sections 105, 361, and 363 of the Bankruptcy Code (the "Final Order"); and

WHEREAS, the Final Order also authorized Long Hill Alliance Company (the "Receiver"), to borrow money on behalf of the Debtors and use Cash Collateral, as more fully defined and described in the Final Order; and

WHEREAS, pursuant to the terms of the Order Appointing Substitute Receiver, signed by Justice Hummel of the Supreme Court of the State of New York, Rensselaer County, dated

November 3, 2008 (the "Order Appointing Substitute Receiver", the Receiver has been replaced by EF Consulting, LLC (the "Substitute Receiver") effective as of the date of said Order; and

WHEREAS, pursuant to six prior Stipulations and Order of this Court dated November 19, 2008, December 24, 2008, January 22, 2009, March 2, 2009, April 29, 2009 and June 24, 2009 the Substitute Receiver was authorized to utilize the Cash Collateral of the Debtors and seek approval of a Budget which would be implemented pursuant to the terms of the Final Order, as amended (collectively, the "Prior Stipulations"); and

WHEREAS, GECC is willing to allow the Substitute Receiver the continued right to use Cash Collateral on the terms and conditions set forth in the Final Order, except as other modified herein or in the Substitute Receiver Order or in the Prior Stipulations; it is now

NOW THEREFORE,

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel as follows:

1.      The Termination Date for the right to utilize Cash Collateral as used in the Final Order hereby is modified to read November 30, 2009.

2.      The defined term Receiver as utilized in the Final Order shall as of the date hereof, shall apply to the term Substitute Receiver in all places, except, so that it is clear, the Substitute Receiver has no right to borrow funds under the Shortfall Agreement, the same having been terminated upon entry of the Substitute Receiver Order and thus all references to the right to borrow funds, or utilize the Shortfall Agreement are of no force and effect as relates to the Substitute Receiver.  All priorities, liens, rights and remedies, including the DIP Liens, Super-priority Claims and Replacement Liens in the Final Order shall remain unmodified.

3. The Budget attached as *Exhibit C* to the Final Order is hereby replaced by the Budget attached hereto as *Exhibit A*. The Budget may be amended at the request of the Substitute Receiver, upon the written consent of GECC, on notice to the US Trustee, the Trustee and the Unsecured Creditors Committee.

4. All of the other terms and conditions of the Final Order (as modified or extended pursuant to Stipulations entered into after the date of the Final Order) and the agreements referred to therein remain in full force and effect. Capitalized terms not defined herein shall have the meaning given to them in the Final Order.

5. A hearing shall be scheduled for November 18, 2009 at 11:00 a.m. consistent with paragraph 1 hereof.

Dated: Garden City, New York
September _1_, 2009

<div style="margin-left:40%">

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for General Electric Capital Corporation

By:_____ */s/ Leslie A. Berkoff*_____
　　　　　Leslie A. Berkoff, Esq.
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000

-and-

NEUBERT, PEPE & MONTEITH, P.C.
Attorneys for the Chapter 11 Trustee

By:_____ */s/ Mark I Fishman*_____
　　　　　Mark I. Fishman, Esq.
195 Church Street
New Haven, CT 06510
(203) 821-2000

-and-

</div>

FARRELL FRITZ, P.C.
Attorneys for the Unsecured Creditors' Committee

By: _/s/ Ted A. Berkowitz_
        Ted A. Berkowitz, Esq.
1320 Reckson Plaza
Uniondale, NY 11556-1320
(516) 227-0647

-and-

BACKENROTH, FRANKEL & KRINSKY, LLP
Attorneys for the Substitute Receiver

By: _/s/ Abraham J. Backenroth_
        Abraham J. Backenroth, Esq.
489 Fifth Avenue
New York, NY 10017
Tel: 212-593-1100

STIPULATION AND ORDER MODIFYING AND EXTENDING THE TERMS OF THE FINAL ORDER
AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY AND (B) USE CASH COLLATERAL
ON A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

RECEIVED & FILED

SEP 8 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

F:\GECC\Highgate\Bankruptcy\docs\Transition CC stip 7.doc

4

# EXHIBIT A

**Highgate LTC Management LLC**
**Projected Cash Flows**  w/e Friday

| | Projected Balance 09/04/09 | Projected Balance 09/11/09 | Projected Balance 09/18/09 | Projected Balance 09/25/09 | August Totals |
|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | 10,205 | 411,494 | 260,469 | 32,452 | 10,205 |
| **Collections** | | | | | |
| General Deposits | 195,000 | 178,000 | 152,000 | 126,000 | 651,000 |
| Medicaid Deposits | 785,871 | 405,268 | 501,496 | 365,029 | 2,057,664 |
| Medicare Deposits | - | - | - | 310,000 | 310,000 |
| **Total Collections** | 980,871 | 583,268 | 653,496 | 801,029 | 3,018,664 |
| **Cash Available for Disbursements** | 991,076 | 994,762 | 913,966 | 833,480 | 3,733,284 |
| **Disbursements** | | | Projected | | |
| General Disbursements | 110,000 | 160,000 | 110,000 | 100,000 | 480,000 |
| Pharmacy | - | - | 150,627 | 150,627 | 150,627 |
| Net Payroll | 318,000 | 318,000 | 360,000 | 318,000 | 1,314,000 |
| Payroll Taxes | 122,000 | 122,000 | 149,000 | 122,000 | 515,000 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 | 17,569 |
| Other Employee Benefits | - | - | - | 148,000 | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 | 63,495 |
| Insurance Premiums | - | - | 35,260 | - | 35,260 |
| UST Fee | - | - | - | 10,400 | 10,400 |
| Receiver Fee | - | - | - | - | - |
| Bank Line Interest/Bank Fees | - | - | - | - | - |
| Utilities | 25,000 | - | 67,396 | - | 92,396 |
| Physicians | - | 25,000 | - | 35,000 | 60,000 |
| Loan/Lease | - | - | 4,893 | - | 4,893 |
| NY Sales Taxes | - | - | - | - | - |
| Real Estate Taxes | - | - | - | - | - |
| Professional/Receiver | - | - | - | - | - |
| Professional/Trustee | - | - | - | 15,000 | 15,000 |
| Professional/Committee | - | - | - | 15,000 | 15,000 |
| Ombudsman | - | - | - | 15,000 | 15,000 |
| Cash receipts assessment | - | 105,000 | - | - | 105,000 |
| **Total Disbursements** | 579,582 | 734,293 | 881,514 | 846,251 | 3,041,640 |
| **Ending Cash Balance** | 411,494 | 260,469 | 32,452 | (12,770) | 691,644 |
| **Monthly Net Cash** | 401,289 | (151,025) | (228,018) | (45,222) | (22,975) |

**Highgate LTC Management LLC**
**Projected Cash Flows**   **w/e Friday**

| | Projected Balance 10/02/09 | Projected Balance 10/09/09 | Projected Balance 10/16/09 | Projected Balance 10/23/09 | Projected Balance 10/30/09 | October Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash Book Balance** | 1,425 | (98,157) | (56,450) | (134,941) | 78,808 | 1,425 |
| **Collections** | | | | | | |
| General Deposits | 215,000 | 281,000 | 246,000 | 238,000 | 147,000 | 1,127,000 |
| Medicaid Deposits | 265,000 | 505,000 | 485,000 | 481,000 | 262,000 | 1,998,000 |
| Medicare Deposits | - | - | - | 311,000 | - | 311,000 |
| **Total Collections** | 480,000 | 786,000 | 731,000 | 1,030,000 | 409,000 | 3,436,000 |
| **Cash Available for Disbursements** | 481,425 | 687,843 | 674,550 | 895,059 | 487,808 | 3,226,685 |
| **Disbursements** | | | | **Projected** | | |
| General Disbursements | 110,000 | 150,000 | 105,000 | 85,000 | 80,000 | 530,000 |
| Pharmacy | - | - | 145,000 | - | - | 145,000 |
| Net Payroll | 318,000 | 318,000 | 318,000 | 318,000 | 318,000 | 1,590,000 |
| Payroll Taxes | 122,000 | 122,000 | 122,000 | 122,000 | 122,000 | 610,000 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 | - | 17,569 |
| Other Employee Benefits | - | - | - | 148,000 | | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 | | 63,495 |
| Insurance Premiums | - | - | 35,260 | - | | 35,260 |
| UST Fee | - | - | - | 10,400 | | 10,400 |
| Receiver Fee | - | - | - | - | | - |
| Bank Line Interest/Bank Fees | - | - | - | - | | - |
| Utilities | 25,000 | - | 75,000 | - | | 100,000 |
| Physicians | - | 25,000 | - | 35,000 | | 60,000 |
| Loan/Lease | - | - | 4,893 | - | | 4,893 |
| NY Sales Taxes | - | - | - | - | | - |
| Real Estate Taxes | - | - | - | - | | - |
| Professional/Receiver | - | - | - | - | | - |

| | | | | | |
|---|---|---|---|---|---|
| Professional/Trustee | - | - | - | 15,000 | | 15,000 |
| Professional/Committee | - | - | - | 15,000 | | 15,000 |
| Prior Professional | - | - | - | - | | - |
| Cash receipts assessment | - | 125,000 | - | - | | 125,000 |
| **Total Disbursements** | 579,582 | 744,293 | 809,491 | 816,251 | 520,000 | 3,469,617 |
| **Ending Cash Balance** | (98,157) | (56,450) | (134,941) | 78,808 | (32,192) | (242,932) |
| **Monthly Net Cash** | (99,582) | 41,707 | (78,491) | 213,749 | (111,000) | (33,617) |

**Highgate LTC Management LLC**
**Projected Cash Flows**

| | Projected Balance 11/06/09 | Projected Balance 11/13/09 | Projected Balance 11/20/09 | Projected Balance 11/27/09 | November Totals |
|---|---|---|---|---|---|
| **w/e Friday** | | | | | |
| **Beginning Cash Book Balance** | 3,360 | 47,778 | 1,485 | (151,006) | 3,360 |
| | | | | | |
| **Collections** | | | | | |
| General Deposits | 219,000 | 198,000 | 164,000 | 156,000 | 737,000 |
| Medicaid Deposits | 410,000 | 500,000 | 485,000 | 475,000 | 1,870,000 |
| Medicare Deposits | - | - | - | 325,000 | 325,000 |
| **Total Collections** | 629,000 | 698,000 | 649,000 | 956,000 | 2,932,000 |
| | | | | | |
| **Cash Available for Disbursements** | 632,360 | 745,778 | 650,485 | 804,994 | 2,833,617 |
| | | | | | |
| **Disbursements** | | | | **Projected** | |
| General Disbursements | 115,000 | 155,000 | 107,000 | 85,000 | 462,000 |
| Pharmacy | - | - | 145,000 | - | 145,000 |
| Net Payroll | 318,000 | 318,000 | 318,000 | 318,000 | 1,272,000 |
| Payroll Taxes | 122,000 | 122,000 | 122,000 | 122,000 | 488,000 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 | 17,569 |
| Other Employee Benefits | - | - | - | 148,000 | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 | 63,495 |
| Insurance Premiums | - | - | 35,260 | - | 35,260 |
| UST Fee | - | - | - | 10,400 | 10,400 |
| Receiver Fee | - | - | - | - | - |
| Bank Line Interest/Bank Fees | - | - | - | - | - |
| Utilities | 25,000 | - | 65,000 | - | 90,000 |
| Physicians | - | 25,000 | - | 35,000 | 60,000 |
| Loan/Lease | - | - | 4,893 | - | 4,893 |
| NY Sales Taxes | - | - | - | - | - |
| Real Estate Taxes | - | - | - | - | - |
| Professional/Receiver | - | - | - | - | - |

| | | | | | |
|---|---|---|---|---|---|
| Professional/Trustee | - | - | - | 15,000 | 15,000 |
| Professional/Committee | - | - | - | 15,000 | 15,000 |
| Prior Professional | - | - | - | - | - |
| Cash receipts assessment | - | 120,000 | - | - | 120,000 |
| **Total Disbursements** | 584,582 | 744,293 | 801,491 | 816,251 | 2,946,617 |
| **Ending Cash Balance** | 47,778 | 1,485 | (151,006) | (11,257) | (113,000) |
| **Monthly Net Cash** | 44,418 | (46,293) | (152,491) | 139,749 | (14,617) |

## RECEIVED & FILED

**RECEIVED**    NOV 18 2009

NOV 1 8 2009 OFFICE OF THE BANKRUPTCY CLERK
OFFICE OF THE BANKRUPTCY JUDGE    ALBANY, NY
ALBANY, NY

So ordered this 18 day of November 2009

Hon. Robert E. Littlefield, Jr.
Chief, U.S.B.J.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

Chapter 11

In re:

Case No. 07-11068-REL

HIGHGATE LTC MANAGEMENT, LLC *et al.*

Debtors.

--------------------------------------------------------------------X

### STIPULATION AND ORDER MODIFYING AND EXTENDING THE TERMS OF THE FINAL ORDER AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY AND (B) USE CASH COLLATERAL ON A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

WHEREAS, on May 14, 2007 this Court entered a Final Order Authorizing the Debtors

to: (A) Borrow Money Pursuant to Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), and

364(e) of the Bankruptcy Code; (B) Use Cash Collateral on a Consensual Basis; and (C)

Granting Adequate Protection And Related Relief Pursuant to Sections 105, 361, and 363 of the

Bankruptcy Code (the "Final Order"); and

WHEREAS, the Final Order also authorized Long Hill Alliance Company (the

"Receiver"), to borrow money on behalf of the Debtors and use Cash Collateral, as more fully

defined and described in the Final Order; and

WHEREAS, pursuant to the terms of the Order Appointing Substitute Receiver, signed

by Justice Hummel of the Supreme Court of the State of New York, Rensselaer County, dated

November 3, 2008 (the "Order Appointing Substitute Receiver", the Receiver has been replaced by EF Consulting, LLC (the "Substitute Receiver") effective as of the date of said Order; and

WHEREAS, pursuant to six prior Stipulations and Order of this Court dated November 19, 2008, December 24, 2008, January 22, 2009, March 2, 2009, April 29, 2009, June 24, 2009 and September 9, 2009, the Substitute Receiver was authorized to utilize the Cash Collateral of the Debtors and seek approval of a Budget which would be implemented pursuant to the terms of the Final Order, as amended (collectively, the "Prior Stipulations"); and

WHEREAS, GECC is willing to allow the Substitute Receiver the continued right to use Cash Collateral on the terms and conditions set forth in the Final Order, except as other modified herein or in the Substitute Receiver Order or in the Prior Stipulations; it is now

NOW THEREFORE,

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel as follows:

1.     The Termination Date for the right to utilize Cash Collateral as used in the Final Order hereby is modified to read January 13, 2010.

2.     The defined term Receiver as utilized in the Final Order shall as of the date hereof, shall apply to the term Substitute Receiver in all places, except, so that it is clear, the Substitute Receiver has no right to borrow funds under the Shortfall Agreement, the same having been terminated upon entry of the Substitute Receiver Order and thus all references to the right to borrow funds, or utilize the Shortfall Agreement are of no force and effect as relates to the Substitute Receiver. All priorities, liens, rights and remedies, including the DIP Liens, Super-priority Claims and Replacement Liens in the Final Order shall remain unmodified.

2

3. The Budget attached as *Exhibit C* to the Final Order is hereby replaced by the Budget attached hereto as *Exhibit A*. The Budget may be amended at the request of the Substitute Receiver, upon the written consent of GECC, on notice to the US Trustee, the Trustee and the Unsecured Creditors Committee.

4. All of the other terms and conditions of the Final Order (as modified or extended pursuant to Stipulations entered into after the date of the Final Order) and the agreements referred to therein remain in full force and effect. Capitalized terms not defined herein shall have the meaning given to them in the Final Order.

5. A hearing shall be scheduled for January 13, 2010 at 11:00 a.m. consistent with paragraph 1 hereof.

Dated: Garden City, New York
      November__, 2009

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for General Electric Capital Corporation

By:_____ */s/ Leslie A. Berkoff*_____
      Leslie A. Berkoff, Esq.
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000

-and-

NEUBERT, PEPE & MONTEITH, P.C.
Attorneys for the Chapter 11 Trustee

By:_____ */s/ Mark I Fishman*_____
      Mark I. Fishman, Esq.
195 Church Street
New Haven, CT 06510
(203) 821-2000

-and-

3

3.    The Budget attached as *Exhibit C* to the Final Order is hereby replaced by the Budget attached hereto as *Exhibit A*. The Budget may be amended at the request of the Substitute Receiver, upon the written consent of GECC, on notice to the US Trustee, the Trustee and the Unsecured Creditors Committee.

4.    All of the other terms and conditions of the Final Order (as modified or extended pursuant to Stipulations entered into after the date of the Final Order) and the agreements referred to therein remain in full force and effect. Capitalized terms not defined herein shall have the meaning given to them in the Final Order.

5.    A hearing shall be scheduled for January 13, 2010 at 11:00 a.m. consistent with paragraph 1 hereof.

Dated: Garden City, New York
       November _, 2009

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for General Electric Capital Corporation

By:_____ */s/ Leslie A. Berkoff*_____
       Leslie A. Berkoff, Esq.
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000

-and-

NEUBERT, PEPE & MONTEITH, P.C.
Attorneys for the Chapter 11 Trustee

By:_____ */s/ Mark I Fishman*_____
       Mark I. Fishman, Esq.
195 Church Street
New Haven, CT 06510
(203) 821-2000

-and-

3

FARRELL FRITZ, P.C.
Attorneys for the Unsecured Creditors' Committee

By:   */s/ Ted A. Berkowitz*
        Ted A. Berkowitz, Esq.
1320 Reckson Plaza
Uniondale, NY 11556-1320
(516) 227-0647

-and-

TENTZER AND LUNIN LLP
Attorneys for the Substitute Receiver

By:   */s/ Richard J. Brum*
        Richard J. Brum, Esq.
1775 Broadway, Suite 608
New York, NY 10019
Tel: (212) 262-6699

STIPULATION AND ORDER MODIFYING AND EXTENDING THE TERMS OF THE FINAL ORDER
AUTHORIZING THE DEBTORS TO: (A) BORROW MONEY AND (B) USE CASH COLLATERAL
ON A CONSENSUAL BASIS AND CERTAIN RELATED DEADLINES

| Highgate LTC Management LLC Projected Cash Flows w/e Friday | Projected Balance 12/04/09 | Projected Balance 12/11/09 | Projected Balance 12/18/09 | Projected Balance 12/25/09 |
|---|---|---|---|---|
| **Beginning Cash Book Balance** | (49,546) | (29,128) | 96,579 | (47,539) |
| **Collections** | | | | |
| General Deposits | 190,000 | 190,000 | 190,000 | 190,000 |
| Medicaid Deposits | 425,000 | 530,000 | 511,000 | 500,000 |
| Medicare Deposits | | | | 400,000 |
| **Total Collections** | 615,000 | 720,000 | 701,000 | 1,090,000 |
| **Cash Available for Disbursements** | 565,454 | 690,872 | 797,579 | 1,042,461 |
| **Disbursements** | | | | **Projected** |
| General Disbursements | 125,000 | 125,000 | 135,000 | 115,000 |
| Pharmacy | - | - | 150,627 | 80,000 |
| Net Payroll | 318,000 | 318,000 | 318,000 | 318,000 |
| Payroll Taxes | 122,000 | 122,000 | 122,000 | 122,000 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 |
| Other Employee Benefits | - | - | - | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 |
| Insurance Premiums | - | - | 35,260 | - |
| UST Fee | - | - | - | 10,400 |
| Receiver Fee | - | - | - | - |
| Bank Line Interest/Bank Fees | - | - | - | - |
| Utilities | 25,000 | - | 75,000 | - |
| Physicians | - | 25,000 | - | 35,000 |
| Loan/Lease | - | - | 4,893 | - |
| NY Sales Taxes | - | - | - | - |
| Real Estate Taxes | - | - | - | - |
| Professional/Receiver | - | - | - | - |
| Professional/Trustee | - | - | - | 15,000 |
| Professional/Committee | - | - | - | 15,000 |
| Prior Professional | - | - | - | - |
| Cash receipts assessment | | | | 140,000 |
| **Total Disbursements** | 594,582 | 594,293 | 845,118 | 1,066,251 |
| **Ending Cash Balance** | (29,128) | 96,579 | (47,539) | (23,790) |
| **Monthly Net Cash** | 20,418 | 125,707 | (144,118) | 23,749 |

|  | December Totals |
|---|---|
| - | (49,546) |
|  | 760,000 |
|  | 1,966,000 |
|  | 400,000 |
| - | 3,126,000 |
| - | 3,076,454 |
| - | 500,000 |
| - | 230,627 |
|  | 1,272,000 |
| - | 488,000 |
| - | 17,569 |
|  | 148,000 |
|  | 63,495 |
|  | 35,260 |
|  | 10,400 |
|  | - |
|  | - |
|  | 100,000 |
|  | 60,000 |
|  | 4,893 |
|  | - |
|  | - |
|  | - |
|  | 15,000 |
|  | 15,000 |
|  | - |
|  | 140,000 |
| - | 3,100,244 |
| - | (23,790) |
| - | 25,756 |

| Highgate LTC Management LLC Projected Cash Flows w/e Friday | Projected Balar 01/01/10 | Projected Balar 01/08/10 | Projected Balar 01/15/10 | Projected Balan 01/22/10 |
|---|---|---|---|---|
| Beginning Cash Book Balance | (13,790) | (59,372) | 45,335 | (34,156) |
| Collections | | | | |
| General Deposits | 190,000 | 190,000 | 190,000 | 190,000 |
| Medicaid Deposits | 375,000 | 500,000 | 525,000 | 485,000 |
| Medicare Deposits | | | | 425,000 |
| Total Collections | 565,000 | 690,000 | 715,000 | 1,100,000 |
| Cash Available for Disbursements | 551,210 | 630,628 | 760,335 | 1,065,844 |
| Disbursements | | | | Projected |
| General Disbursements | 110,000 | 85,000 | 75,000 | 65,000 |
| Pharmacy | - | - | 150,000 | |
| Net Payroll | 340,000 | 340,000 | 318,000 | 318,000 |
| Payroll Taxes | 131,000 | 131,000 | 122,000 | 122,000 |
| 401(k) Funding | 4,582 | 4,293 | 4,339 | 4,355 |
| Other Employee Benefits | - | - | - | 148,000 |
| Worker's Compensation Premiums | - | - | - | 63,495 |
| Insurance Premiums | - | - | 35,260 | - |
| UST Fee | - | - | - | 10,400 |
| Receiver Fee | - | - | - | - |
| Bank Line Interest/Bank Fees | - | - | - | - |
| Utilities | 25,000 | - | 85,000 | - |
| Physicians | - | 25,000 | - | 35,000 |
| Loan/Lease | - | - | 4,893 | - |
| NY Sales Taxes | - | - | - | - |
| Real Estate Taxes | - | - | - | - |
| Professional/Receiver | - | - | - | - |
| Professional/Trustee | - | - | - | 15,000 |
| Professional/Committee | - | - | - | 5,000 |
| Prior Professional | - | - | - | - |
| Cash receipts assessment | | | | 143,000 |
| Total Disbursements | 610,582 | 585,293 | 794,491 | 929,251 |
| Ending Cash Balance | (59,372) | 45,335 | (34,156) | 136,593 |
| Monthly Net Cash | (45,582) | 104,707 | (79,491) | 170,749 |

| ice | January Totals |
|---|---|
| 01/29/10 | |
| 136,593 | (13,790) |
| 80,000 | 840,000 |
| 350,000 | 2,235,000 |
| | 425,000 |
| 430,000 | 3,500,000 |
| 566,593 | 3,486,210 |
| 85,000 | 420,000 |
| 100,000 | 250,000 |
| 318,000 | 1,634,000 |
| 122,000 | 628,000 |
| 4,300 | 21,869 |
| | 148,000 |
| | 63,495 |
| | 35,260 |
| | 10,400 |
| | - |
| | - |
| | 110,000 |
| | 60,000 |
| | 4,893 |
| | - |
| | - |
| | - |
| | 15,000 |
| | 5,000 |
| | - |
| | 143,000 |
| 629,300 | 3,548,917 |
| (62,707) | (62,707) |
| (199,300) | (48,917) |